UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

LINDA DOWNS,

    Plaintiff,

v.

RIVER CITY GROUP, LLC; et al.,

    Defendants.

3:11-cv-0885-LRH-WGC

ORDER

Before the court is defendants Wells Fargo Bank, N.A. ("Wells Fargo") and River City Group, LLC's ("River City") motion to dismiss and expunge lis pendens. Doc. #38.[1] Plaintiff Linda Downs ("Downs") filed an opposition (Doc. #43) to which moving defendants replied (Doc. #47).

**I.   Facts and Procedural History**

In July, 2005, Downs, along with her husband, purchased real property through a mortgage note and deed of trust originated by defendant River City Group. In November, 2006, River City sold the mortgage note and deed of trust to defendant Wells Fargo.

In early December, 2009, Downs and her husband purchased mortgage payment protection insurance advertised by defendant Wells Fargo and underwritten by defendant Minnesota Life Insurance Company ("Minnesota Life"). In February 2010, Downs sought and received a trial loan

---

[1] Refers to the court's docket entry number.

modification with Wells Fargo through the federal government's Home Affordable Modification Program ("HAMP"). The trial modification set reduced monthly mortgage payments and ran from March, 2010, through May, 2010. In May, 2010, Downs's husband passed away. Downs contacted both Wells Fargo and Minnesota Life and notified them of her husband's passing and requested the twelve consecutive mortgage payments pursuant to the mortgage insurance.

On August 16, 2010, Wells Fargo initiated non-judicial foreclosure proceedings. Two days later, on August 18, 2010, Minnesota Life approved Downs's claim and paid Wells Fargo all monies owed from June, 2010 through August, 2010. After receiving the back-dated mortgage payments, Wells Fargo refused to stop the foreclosure proceedings unless Downs paid all of Wells Fargo's related expenses in initiating foreclosure.

Subsequently, Downs filed a complaint against defendants alleging ten causes of action: (1) intentional infliction of emotional distress; (2) negligent infliction of emotional distress; (3) breach of contract; (4) breach of the implied covenants of good faith and fair dealing; (5) unfair claims practices; (6) conspiracy to defraud; (7) negligence; (8) invasion of privacy; (9) unjust enrichment; and (10) quite title. Doc. #1, Exhibit A. Thereafter, moving defendants filed the present motion to dismiss. Doc. #38.

II.  **Legal Standard**

Defendants seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 129 S.

2

1  Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

2  Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 1949 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (brackets in original) (internal quotation marks omitted). The court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id*.

**III.    Motion to Dismiss**

    **A. River City**

In her complaint, Downs named River City, the original lender, as a defendant in this action. River City assigned the mortgage note and deed of trust to Wells Fargo in November, 2006, years before the events underlying this action transpired. Further, Downs does not allege that River City engaged in any particular action or wrongdoing. Therefore, the court shall dismiss River City

3

as a defendant in this action.

**B.  Intentional Infliction of Emotional Distress**

To establish a claim for intentional infliction of emotional distress, a plaintiff must show: (1) extreme or outrageous conduct by defendant; and (2) plaintiff suffered severe emotional distress. *Dillard Dept. Stores, Inc. v. Beckwith*, 989 P.2d 882, 886 (Nev. 1999). Extreme and outrageous conduct is that which is "outside all possible bounds of decency" and is intolerable in civil life. *Maduike v. Agency Rent-A-Car*, 953 P.2d 24, 25 (Nev. 1998).

In her complaint, Downs alleges that Wells Fargo promised that it would not initiate non-judicial foreclosure proceedings, or hold her mortgage delinquent, while Minnesota Life was processing her claim, but did so regardless of its representations and refused to stop the foreclosure once the delinquent mortgage payments were made. *See* Doc. #1, Exhibit A. The court finds that these allegations are sufficient to state a claim for intentional infliction of emotional distress. Therefore, the court shall deny Wells Fargo's motion as to this issue.

**C.  Negligent Infliction of Emotional Distress**

A plaintiff can recover for negligent infliction of emotional distress if she (1) is a bystander closely related to the victim of an accident, (2) is located near the scene of the accident, and (3) suffers a shock resulting from direct emotional impact stemming from the sensory and contemporaneous observance of the accident. *See Crippens v. Sav on Drug Stores*, 961 P.2d 761, 762 (Nev. 1998). Further, in Nevada, a direct victim of a defendant's negligent acts can recover for negligent infliction of emotional distress. *Shoen v. Amerco, Inc.*, 896 P.2d 469, 477 (Nev. 1995) ("If a bystander can recover for the negligent infliction of emotional distress, it is only logical that the direct victim be permitted the same recovery . . .. We recognize that the negligent infliction of emotional distress can be an element of the damage sustained by the negligent acts committed directly against the victim-plaintiff.").

Here, Downs alleges that Wells Fargo acted with negligent conduct in conducting the

foreclosure when she was not in default and that she has suffered physical harm as a result of the emotional distress from having her property in foreclosure. The court finds that these allegations are sufficient to state a claim for negligent infliction of emotional distress.

### D. Breach of Contract

To prevail on a breach of contract claim, a plaintiff must demonstrate: (1) the existence of a valid contract; (2) a breach by the defendant; and (3) damages resulting from defendant's breach. *Saini v. Int'l Game Tech.*, 434 F. Supp. 2d 913, 919-20 (D. Nev. 2006); *Brown v. Kinross Gold U.S.A., Inc.*, 531 F. Supp. 2d 1234, 1240 (D. Nev. 2008).

In her complaint, Downs alleges that the mortgage payment protection plan was advertised through Wells Fargo, the premiums were added to her monthly mortgage payments to Wells Fargo, and that Wells Fargo was a beneficiary of the contract who breached its obligations by foreclosing on the property during the processing of the insurance plan. *See* Doc. #1, Exhibit A. The court finds that based on the allegations in the complaint, Downs has alleged a claim for breach of contract.

### E. Breach of Implied Covenants

Under Nevada law, "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and execution." *A.C. Shaw Constr. v. Washoe County*, 784 P.2d 9, 9 (Nev. 1989) (quoting Restatement (Second) of Contracts § 205). To establish a claim for breach of the implied covenant of good faith and fair dealing, a plaintiff must show that: (1) the plaintiff and defendant were parties to a contract; (2) the defendant owed a duty of good faith and fair dealing to the plaintiff; (3) the defendant breached his duty by performing in a manner unfaithful to the purpose of the contract; and (4) the plaintiff's justified expectations were denied. *See Perry v. Jordan*, 134 P.3d 698, 702 (Nev. 2006) (citing *Hilton Hotels Corp. v. Butch Lewis Prod. Inc.*, 808 P.2d 919, 922-23 (Nev. 1991).

In her complaint, Downs alleges that Wells Fargo foreclosed on her property despite there being a mortgage protection plan in existence in contravention of the spirit of the mortgage

contract. The court finds that these allegations are sufficient to state a claim for breach of the implied covenants of good faith and fair dealing.

### F. Unfair Claims Practices

Downs has brought a claim for violation of Nevada's Unfair Claims Practices Act, NRS § 686A.310. The act specifically covers the activities of an insurance company in dealing with insurance coverage. *See* NRS 686A.310.

Here, Wells Fargo is not an insurance company. Therefore, Downs cannot state a claim against Wells Fargo for violation of Nevada's Unfair Claims Practices Act.

### G. Conspiracy to Defraud

To establish a claim for civil conspiracy, a plaintiff must establish: (1) the commission of an underlying tort; and (2) an agreement between the defendants to commit that tort. *GES, Inc. v. Corbitt*, 21 P.3d 11, 15 (Nev. 2001). Further, the plaintiff must establish with particular specificity "the manner in which a defendant joined in the conspiracy and how he participated in it." *Arroyo v. Wheat*, 591 F. Supp. 141, 144 (D. Nev. 1984).

In her complaint, Downs alleges that the parties engaged in a conspiracy to defraud her of her house. However, Downs fails to allege with specificity how Wells Fargo joined or participated in the conspiracy. Further, Downs fails to allege the underlying fraudulent conduct and misrepresentations with sufficient particularity as required by Rule 9 of the Federal Rules of Civil Procedure. Therefore, the court finds that Downs fails to state a claim for conspiracy.

### H. Negligence

In order to allege a claim for negligence, a plaintiff must show: (1) a duty owed by defendants to plaintiff; (2) a breach of that duty by defendants; (3) causation; and (4) damages. *See Hammerstein v. Jean Dev. W.*, 907 P.2d 975, 977 (Nev. 1995).

Here, Downs alleges that Wells Fargo had a duty to exercise due care in the administration of her loan but failed to exercise such care when it directed defendant Trustee Corps to record a

notice of default when her loan was not in default and initiated non-judicial foreclosure proceedings despite the existence of a mortgage protection plan. *See* Doc. #1, Exhibit A. The court finds that these allegations are sufficient to state a claim for negligence. Accordingly, the court shall deny Wells Fargo's motion as to this issue.

### I. Invasion of Privacy

A cause of action for invasion of privacy requires: (1) an intentional intrusion by defendant; (2) on the solitude or seclusion of the plaintiff; (3) that would be highly offensive to a reasonable person. *See People for the Ethical Treatment of Animals v. Bobby Berosini, Ltd.*, 895 P.2d 1269, 1279 (Nev. 1995). The public disclosure requirement of this tort contemplates disclosure to more than individuals or small groups and "it is not an invasion of the right of privacy ... to communicate a fact concerning the plaintiff's private life to a single person or even a small group of persons." *Kuhn v. Account Control Technology, Inc.*, 865 F.Supp. 1443, 1448 (D. of Nevada, 1994) (quoting Restatement (Second) of Torts § 652D cmt. a (1977)).

In her complaint, Downs has failed to allege that anyone other than her saw the recorded notice of default. Such an allegation does not constitute a public disclosure sufficient to provide a basis for recovery.

### J. Unjust Enrichment

To set forth a claim for unjust enrichment, a plaintiff must allege that a defendant unjustly retained money or property of another against fundamental principles of equity. *See Asphalt Prods. Corp. v. All Star Ready Mix*, 898 P.2d 699, 700 (Nev. 1995). An unjust enrichment claim is established where there is "a benefit conferred on the defendant by the plaintiff, appreciation by the defendant of such benefit, and acceptance and retention by the defendant of such benefit." *Topaz Mut. Co. v. Florence Marsh*, 839 P.2d 606, 613 (Nev. 1992) (citation omitted).

In her complaint, Downs alleges that Wells Fargo received money from Minnesota Life to cover the deficient mortgage payments from June, 2010, through August, 2010, but failed to stop

7

the foreclosure of her property. Downs has sufficiently alleged a claim for unjust enrichment against Wells Fargo.

**K. Quite Title**

Under Nevada law, a quiet title action may be brought by someone who claims an adverse interest in property. NRS 40.010. Here, No defendant is claiming an interest in the property that is adverse to Downs. Further, her remedy in this action is not a declaration that she owns the underlying property free and clear of the deed of trust, but that Wells Fargo engaged in various improper actions that have caused monetary damages. Therefore, Downs has no grounds to quiet title against defendants and the court shall grant the motion to dismiss as to this issue.

IT IS THEREFORE ORDERED that defendant's motion to dismiss (Doc. #38) is GRANTED in-part and DENIED in-part. Defendant River City Group, LLC is DISMISSED as a defendant in this action. Defendant Wells Fargo is DISMISSED as a defendant as to plaintiff's fifth claim cause of action for unfair claims practices; sixth cause of action for conspiracy to defraud; eighth cause of action for invasion of privacy; and tenth cause of action for quite title.

IT IS SO ORDERED.

DATED this 4th day of May, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE