UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| LINDA DOWNS, | ) | |
| | ) | |
| Plaintiff, | ) | 3:11-cv-0885-LRH-WGC |
| | ) | |
| v. | ) | |
| | ) | <u>AMENDED ORDER</u> |
| RIVER CITY GROUP, LLC; et al., | ) | |
| | ) | |
| Defendants. | ) | |

Before the court is defendant MTC Financial Inc.'s, doing business as Trustee Corps ("Trustee Corps"), motion to dismiss. Doc. #10.[1] Plaintiff Linda Downs ("Downs") filed an opposition (Doc. #26) to which Trustee Corps replied (Doc. #32).

**I.  Facts and Procedural History**

In July, 2005, Downs, along with her husband, purchased real property through a mortgage note and deed of trust originated by defendant River City Group, LLC ("River City"). In early December, 2009, Downs and her husband purchased mortgage payment protection insurance advertised by defendant Wells Fargo Bank, NA ("Wells Fargo") and underwritten by defendant Minnesota Life Insurance Company ("Minnesota Life").

On May 31, 2010, Downs's husband passed away. Downs contacted both Wells Fargo and

---

[1] Refers to the court's docket entry number.

Minnesota Life and notified them of her husband's passing and requested the payment of the twelve consecutive mortgage payments pursuant to the mortgage insurance. Minnesota Life eventually approved payment in August, 2010, and sent Wells Fargo money to cover the mortgage payments from June, 2010, through August, 2010. However, prior to the disbursement of funds Wells Fargo initiated non-judicial foreclosure proceedings for failure to pay the mortgage payments since May, 2010.

Subsequently, Downs filed a complaint against defendants alleging ten causes of action: (1) intentional infliction of emotional distress; (2) negligent infliction of emotional distress; (3) breach of contract; (4) breach of the implied covenants of good faith and fair dealing; (5) unfair claims practices; (6) conspiracy to defraud; (7) negligence; (8) invasion of privacy; (9) unjust enrichment; and (10) quite title. Doc. #1, Exhibit A. Thereafter, Trustee Corps filed the present motion to dismiss. Doc. #10.

## II.     Legal Standard

Trustee Corps seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows

the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 1949 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (brackets in original) (internal quotation marks omitted). The court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id*.

**III.     Motion to Dismiss**

    **A.  Intentional/Negligent Infliction of Emotional Distress**

To establish a claim for intentional infliction of emotional distress, a plaintiff must show: (1) extreme or outrageous conduct by defendant; and (2) plaintiff suffered severe emotional distress. *Dillard Dept. Stores, Inc. v. Beckwith*, 989 P.2d 882, 886 (Nev. 1999). Extreme and outrageous conduct is that which is "outside all possible bounds of decency" and is intolerable in civil life. *Maduike v. Agency Rent-A-Car*, 953 P.2d 24, 25 (Nev. 1998).

A plaintiff can recover for negligent infliction of emotional distress if she (1) is a bystander closely related to the victim of an accident, (2) is located near the scene of the accident, and (3) suffers a shock resulting from direct emotional impact stemming from the sensory and

1  contemporaneous observance of the accident. *See Crippens v. Sav on Drug Stores*, 961 P.2d 761,
2  762 (Nev. 1998).

3      In her complaint, Downs alleges that defendants initiated non-judicial foreclosure
4  proceedings against her when she was not in default of her loan. The court finds that these
5  allegations are insufficient to state a claim for intentional and negligent infliction of emotional
6  distress against defendant Trustee Corps because Trustee Corp was only acting under the direction
7  of the beneficiary Wells Fargo. The court finds that following the directions of the beneficiary
8  under a deed of trust it not acting beyond the bounds of all possible decency because as a trustee,
9  Trustee Corps was required to act on behalf of the beneficiary.

10     **B. Breach of Contract and Breach of Implied Covenants**

11     To prevail on a breach of contract claim, a plaintiff must demonstrate: (1) the existence of a
12 valid contract; (2) a breach by the defendant; and (3) damages resulting from defendant's breach.
13 *Saini v. Int'l Game Tech.*, 434 F. Supp. 2d 913, 919-20 (D. Nev. 2006); *Brown v. Kinross Gold*
14 *U.S.A., Inc.*, 531 F. Supp. 2d 1234, 1240 (D. Nev. 2008).

15     Further, under Nevada law, "[e]very contract imposes upon each party a duty of good faith
16 and fair dealing in its performance and execution." *A.C. Shaw Constr. v. Washoe County*, 784 P.2d
17 9, 9 (Nev. 1989) (quoting Restatement (Second) of Contracts § 205). To establish a claim for
18 breach of the implied covenant of good faith and fair dealing, a plaintiff must show that: (1) the
19 plaintiff and defendant were parties to a contract; (2) the defendant owed a duty of good faith and
20 fair dealing to the plaintiff; (3) the defendant breached his duty by performing in a manner
21 unfaithful to the purpose of the contract; and (4) the plaintiff's justified expectations were denied.
22 *See Perry v. Jordan*, 900 P.2d 335, 338 (Nev. 1995) (citing *Hilton Hotels Corp. v. Butch Lewis*
23 *Prod. Inc.*, 808 P.2d 919, 922-23 (Nev. 1991).

24     It is undisputed that there is no contract between Downs and Trustee Corps. Absent a
25 contract there can be no breach. Therefore the court finds that Downs fails to state a claim for

26

breach of contract and breach of the implied covenants of good faith and fair dealing against Trustee Corps.

### C. Unfair Claims Practices

Downs has brought a claim for violation of Nevada's Unfair Claims Practices Act, NRS § 686A.310. The act specifically covers the activities of an insurance company in dealing with insurance coverage. *See* NRS 686A.310.

Here, Trustee Corps is not an insurance company and did not provide the underlying mortgage insurance to Downs. Therefore, Downs cannot state a claim against Trustee Corps for violation of Nevada's Unfair Claims Practices Act.

### D. Conspiracy to Defraud

To establish a claim for civil conspiracy, a plaintiff must establish: (1) the commission of an underlying tort; and (2) an agreement between the defendants to commit that tort. *GES, Inc. v. Corbitt*, 21 P.3d 11, 15 (Nev. 2001). Further, the plaintiff must establish with particular specificity "the manner in which a defendant joined in the conspiracy and how he participated in it." *Arroyo v. Wheat*, 591 F. Supp. 141, 144 (D. Nev. 1984).

In her complaint, Downs alleges that the parties engaged in a conspiracy to defraud her of her house. However, Downs fails to allege with specificity how Trustee Corps joined or participated in the conspiracy. Further, Downs fails to allege that Trustee Corps knew there was a conspiracy to defraud her out of her property and that it engaged in acts in furtherance of that conspiracy. Therefore, the court finds that Downs fails to sufficiently allege a claim for civil conspiracy to defraud against Trustee Corps.

### E. Negligence

In order to allege a claim for negligence, a plaintiff must show: (1) a duty owed by defendants to plaintiff; (2) a breach of that duty by defendants; (3) causation; and (4) damages. *See Hammerstein v. Jean Dev. W.*, 907 P.2d 975, 977 (Nev. 1995). Here, Downs has failed to allege

5

that Trustee Corps breached any duty owed to her. A trustee like Trustee Corps has no legal duty to determine the veracity of statements made by mortgagee contesting a default. Rather, a trustee's duties extend to following the orders and instructions of a beneficiary like Wells Fargo. Absent a duty, there can be no breach. *See A.C. Shaw Constr.*, 784 P.2d at 10.

### F. Invasion of Privacy

A cause of action for invasion of privacy requires: (1) an intentional intrusion by defendant; (2) on the solitude or seclusion of the plaintiff; (3) that would be highly offensive to a reasonable person. *See People for the Ethical Treatment of Animals v. Bobby Berosini, Ltd.*, 895 P.2d 1269, 1279 (Nev. 1995). The public disclosure requirement of this tort contemplates disclosure to more than individuals or small groups and "it is not an invasion of the right of privacy ... to communicate a fact concerning the plaintiff's private life to a single person or even a small group of persons." *Kuhn v. Account Control Technology, Inc.*, 865 F.Supp. 1443, 1448 (D. of Nevada, 1994) (quoting Restatement (Second) of Torts § 652D cmt. a (1977)).

In her complaint, Downs has failed to allege that anyone other than her saw the recorded notice of default. Such an allegation does not constitute a public disclosure sufficient to provide a basis for recovery.

### G. Unjust Enrichment

To set forth a claim for unjust enrichment, a plaintiff must allege that a defendant unjustly retained money or property of another against fundamental principles of equity. *See Asphalt Prods. Corp. v. All Star Ready Mix*, 898 P.2d 699, 700 (Nev. 1995). An unjust enrichment claim is established where there is "a benefit conferred on the defendant by the plaintiff, appreciation by the defendant of such benefit, and acceptance and retention by the defendant of such benefit." *Topaz Mut. Co. v. Florence Marsh*, 839 P.2d 606, 613 (Nev. 1992) (citation omitted).

In her complaint, Downs fails to allege that defendant Trustee Corps has obtained any benefit or money from her. Without some benefit, there can be no claim for unjust enrichment.

**H. Quiet Title**

Under Nevada law, a quiet title action may be brought by someone who claims an adverse interest in property. NRS 40.010. Here, Trustee Corps is not claiming any interest in the property. Rather, Trustee Corps simply recorded the notice of default. Therefore, Downs has no grounds to quiet title against Trustee Corps.

IT IS THEREFORE ORDERED that defendant's motion to dismiss (Doc. #10) is GRANTED. Defendant MTC Financial Inc., doing business as Trustee Corps, is DISMISSED as a defendant in this action.

IT IS SO ORDERED.

DATED this 9th day of May, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE