ANN-MARTHA ANDREWS
Nevada Bar No. 7585
AAndrews@LRLaw.com
TODD D. ERB
Nevada Bar No. 12203
TErb@LRLaw.com
LEWIS AND ROCA LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89169
(702) 949-8200
(702) 949-8398 (fax)

Attorneys for Defendant
Minnesota Life Insurance Company

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Linda Downs,<br><br>                         Plaintiff,<br><br>        vs.<br><br>River City Group, LLC, a Delaware limited liability company; Wells Fargo Bank, National Association; MTC Financial Inc. dba Trustee Corps, a California corporation; Minnesota Life Insurance Company, a Minnesota company; and Does 1-10; and Black and White Companies 1-10,<br><br>                         Defendants. | Case No. 3:11-cv-00885-LRH-WGC<br><br>**PROTECTIVE ORDER** |

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect confidential and/or proprietary material, and ensure that protection is afforded only to material so designated, pursuant to the court's authority under Fed. R. Civ. P. 26(c), IT IS ORDERED:

1.   <u>Confidential Documents</u>.  This order shall govern all documents produced or exchanged that are stamped or otherwise marked with the legend "SUBJECT TO PROTECTIVE ORDER IN DOWNS V. WF/MLIC."  Pursuant to Fed. R. Civ. P. 26(c), the "confidential" designation under this order shall be used consistent with the legitimate business interests of the parties to protect documents or information that may contain trade secrets or other confidential research, development, or commercial information, as well as the legitimate privacy interests of non-parties.  Other individuals or entities producing documents or information in this lawsuit, including individuals or entities responding to subpoenas, may us the "confidential" designation under this Order consistent with their legitimate interests to protect information that they deem to be confidential or proprietary.

2.   <u>Scope of Confidential Designation</u>.  The special treatment accorded the document(s) designated "confidential" under this Order shall reach:

(a)   All documents currently or hereafter designated "confidential" under this Order;

(b)   All copies, extracts, and complete or partial summaries prepared from such documents;

(c)   Any portion of a deposition transcript or exhibit, or portion thereof, that discusses or refers to such documents, copies, extracts or summaries; and,

(d)   Any portion of any discovery answer or response, affidavit, declaration, brief, or other paper filed with the Court, or as an exhibit to such paper, that discusses or refers to such documents, copies, extracts or summaries.

3.   <u>Restrictions on Disclosure of Confidential Documents</u>.  Except with prior written consent of all parties asserting confidential treatment, and except as provided elsewhere in this Order, documents designated "confidential" under this Order and all information contained in them or derived from them, may not be disclosed to any person other than:

(a)     The parties and counsel of record for the parties;

(b)     Secretaries, paralegal assistants, and all other employees of such counsel who are assisting in the prosecution and/or defense of this lawsuit;

(c)     Designated testifying experts;

(d)     Consulting experts;

(e)     Actual or potential deposition or trial witnesses in this action, to the extent reasonably necessary to prepare the witnesses to testify concerning this lawsuit.  In no event, however, shall disclosure be made under this subparagraph to any witness who is or has been employed by or associated with any competitor or customer of the defendants unless the confidential documents in question were written by, seen by or copied to such witness; and,

(f)     The Court and its employees, the triers of fact, court reporters transcribing testimony and notarizing officers.

"Disclosure" is intended to be interpreted broadly, and means copying (including handwritten copies), exhibiting, showing, communicating, describing, allowing access to, or otherwise releasing to any person the documents subject to this order or any of these documents' content, except as expressly authorized by this Order.

4.     Review of Own Confidential Documents.  The restrictions of this Order shall not apply to parties or nonparties, and their employees, attorneys, experts or their authorized agents, when reviewing their own confidential documents.

5.     Certification of Compliance.  Prior to disclosing any confidential information, materials, or documents to any individual identified in paragraphs 3(c)-(e) above, a party shall provide said individual with a copy of this Order and a copy of the Declaration Re Protective Order attached hereto as Exhibit A.  The individuals identified in paragraphs 3(c)-(e) shall sign the Declaration Re Protective Order prior to being granted access to confidential information, materials, or documents. With respect to the individuals

identified in paragraphs 3(c) and 3(e), a copy of the signed Declaration Re Protective

Order shall be provided to the other party within five (5) days of disclosure. With respect

to the individuals identified in paragraph 3(d), a copy of the signed Declaration Re

Protective Order shall be provided to the other party at the close of the litigation, but prior

to dismissal of the action. If an individual's status under paragraph 3(d) changes during the

litigation, a copy of the signed Declaration Re Protective Order shall be provided to the

other party within five (5) days of disclosure of the individual.

6.      Notice of Breach.  It shall be the obligation of counsel, upon hearing of any

breach or threatened breach of this Order by any person, promptly to notify counsel for the

opposing and producing parties of such breach or threatened breach.

7.      Use of Confidential Documents at Depositions.  Documents designated

"confidential" under this Order, and all information contained in them or derived from

them, may be used or referred to at depositions, in accordance with the provisions of this

Order.  Any confidential documents marked as deposition exhibits shall be stamped

"CONFIDENTIAL" and sealed separately from the remainder of the deposition transcript

and exhibits.  When a party uses or refers to confidential documents or other information at

a deposition, the portion of the deposition transcript that relates to such documents or

information shall be sealed separately from the remainder of the transcript and shall be

treated as confidential under the provisions of this Order.

8.      Designating Portions of Deposition Transcripts Confidential.  Any party

may, within 15 days after receiving a deposition transcript, designate portions of the

transcript, or exhibits to it, as confidential.  At the deposition, the parties will attempt in

good faith to preliminarily identify and designate confidential testimony and exhibits

without prejudice to their right to so designate other testimony or exhibits or withdraw

such designation after receipt of the transcript.  Confidential deposition testimony or

exhibits may be so designated by stamping the exhibits "CONFIDENTIAL" or by

underlining the portions of the pages that are confidential and stamping such pages

"CONFIDENTIAL."  Until expiration of the 15-day period, the entire deposition

transcript, and all exhibits to it, will be treated as confidential under the provisions of this Order.  If no party or nonparty timely designates testimony or exhibits from a deposition as being confidential, none of the deposition testimony or exhibits will be treated as confidential.  If a timely confidential designation is made, the confidential portions and exhibits shall be stamped confidential and sealed separately from the portions and exhibits not so marked, and shall be treated as confidential under the provisions of this Order.

9.    <u>Use of Confidential Documents in Papers Filed with the Court</u>.  Documents designated "confidential" under this Order, and all information contained in them or derived from them, may be discussed or referred to in pleadings, motions, affidavits, briefs or other papers filed with the Court, or attached as exhibits to them, provided that such confidential documents and information, and any portion of any paper filed with the Court that discusses or refers to them, are separately filed under seal with the Clerk of this Court by placing them in a sealed envelope bearing the following statement:

**FILED UNDER SEAL**

**CONFIDENTIAL:  This envelope contains information that is subject to the Protective Order of the Court in Downs v. Minnesota Life Insurance Company/Wells Fargo, N.A., Case No. 3:11-cv-00885-LRH-WGC, United States District Court, District of Nevada, and shall not be opened or otherwise made available in the public court file except on specific order of the court.**

Unless otherwise permitted by statute, rule or prior court order, papers filed with the court under seal shall be accompanied by a contemporaneous motion for leave to file those documents under seal, and shall be filed consistent with the court's electronic filing procedures in accordance with Local Rule 10-5(b).  Notwithstanding any agreement among the parties, the party seeking to file a paper under seal bears the burden of overcoming the presumption in favor of public access to papers filed in court.  *Kamakana v. City and County of Honolulu*, 447 F.2d 1172 (9th Cir. 2006).

If a party intends to file documents with the Court that have been designated by another party as "confidential," the filing party will give at least 14 days' notice to all opposing parties of its intent to file such documents.

10.  Use of Confidential Documents in Court.  Documents designated confidential under this Order, and all information contained in them or derived from them, may be used or offered into evidence at the trial of this suit, or at any court hearing in this litigation, provided that:

(a)  Sufficient advance notice is given to permit the designating party or nonparty to seek additional protections or relief from the Court if desired; and

(b)  The confidential documents and information, and any portion of any transcript or court paper where they are discussed or referred to, are separately filed under seal with the Clerk of this Court.

11.  Litigation Use Only.  All documents produced in this suit that are confidential under this Order and all information contained in them or derived from them, shall be used solely for the preparation and trial of this suit (including any appeals and retrials), and shall not be used for any other purpose, including business, governmental or commercial, or in any other administrative, arbitration or judicial proceedings or actions.

12.  Non-Termination and Return of Documents.  The provisions of this Order shall continue to apply to all confidential documents and information after this suit has been terminated.  Within 30 days after final conclusion of all aspects of this litigation, all confidential documents and all copies of the same (other than exhibits of record) shall be returned to the defendant or the person that produced such documents or, at the option of the producer (if it retains at least one copy of the same), destroyed.  All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the party who produced the documents not more than 60 days after final termination of this litigation.  Alternatively, the producing party may agree in writing on appropriate methods of destruction.

13.     Objections.  If a party deems that materials to be disclosed are confidential and subject to the protective order, the disclosing party shall first notify the opposing party of its intention to so designate the disclosed materials as confidential and subject to the protective order. Nothing in this order shall prevent any party from objecting to a confidential designation that it believes to be improper and from seeking judicial intervention as to the designation of such materials as confidential and subject to the protective order.  However, the parties shall treat all documents designated as confidential in accordance with the requirements of this Order during the pendency of any motion or other procedure undertaken by the objecting party.

14.     Subpoena by Other Courts or Agencies.  If another court or an administrative agency subpoenas or orders production of confidential documents that a party has obtained under the terms of this Order, such party shall immediately notify, prior to any production of such documents under the subpoena, the party who designated the document as confidential of the service of such subpoena or order, and provide that party with sufficient time in which to object.

15.     No Admissions.  Nothing contained in this Order, nor any action taken in compliance with it, shall:

(a)     Operate as an admission by any party that a particular document or information is, or is not, confidential;

(b)     Operate as an admission by any party that a particular document is, or is not, subject to discovery or admissible into evidence at the trial of this suit.

**IT IS SO ORDERED:**

_____
**U.S. District/Magistrate Judge**

**Dated:**  **December 10, 2012**

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89109

-7-

3082057.1

**EXHIBIT A**

DECLARATION RE PROTECTIVE ORDER

I, _____, hereby certify that I have read, reviewed and understand the Protective Order entered in the above-captioned matter, and I agree to abide fully and be bound by its terms with respect to any documents, materials or information designated or marked "SUBJECT TO PROTECTIVE ORDER IN DOWNS V. WF/MLIC" under the Protective Order that is furnished to me in any manner.

I agree not to disclose to anyone any documents, materials or information designated or marked "SUBJECT TO PROTECTIVE ORDER IN DOWNS V. WF/MLIC" other than as set forth in the Protective Order.

I agree not to make any copies of any documents, materials or information designated or marked "SUBJECT TO PROTECTIVE ORDER IN DOWNS V. WF/MLIC" except in accordance with the Protective Order and to return all confidential documents to the party or attorney who provided them and to return or destroy all copies.

I agree not to make use of any confidential document under the Protective Order provided in this litigation for any purpose outside of this litigation.

I hereby consent to be subject to the personal jurisdiction and venue of the above-captioned Court with respect to any proceeding related to the Protective Order.


DATED this _____ day of _____, 201__.


_____

Name

Address:


Phone No: