UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| LINDA DOWNS, | ) | 3:11-cv-00885-LRH-WGC |
| | ) | |
| Plaintiff, | ) | **MINUTES OF PROCEEDINGS** |
| | ) | |
| vs. | ) | December 17, 2012 |
| | ) | |
| RIVER CITY GROUP, LLC, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

PRESENT:  <u>THE HONORABLE WILLIAM G. COBB</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:  <u>  Katie Lynn Ogden   </u>  REPORTER:  <u>              FTR             </u>

COUNSEL FOR PLAINTIFF(S):  <u>  Adam P. McMillen                                           </u>

COUNSEL FOR DEFENDANT(S):  <u>  Christina S. Bhirud obo Wells Fargo Bank and   </u>

<u>Ann-Martha Andrews (telephonically)  obo Minnesota Life Insurance Company          </u>

**MINUTES OF PROCEEDINGS: Motion Hearing**

1:38 p.m. Court Convenes.

The advises the parties that today's hearing will address defendant Minnesota Life Insurance Company "Emergency Motion to Compel Independent Psychiatric Examination and Request for Expedited Relief on Order Shortening Time" (Dkt. ## 90 and 91) and defendant Wells Fargo Bank two joinder motions to Minnesota Life motions (Dkt. ## 92 and 93).

Ms. Andrews advises the court that defendants have rescheduled the "IME" and are simply requesting permission to conduct the "IME".

Mr. McMillen objects to defendants' request and argues that defendants are essentially requesting for two duplicative examinations. Mr. McMillen notes initial motions for examination under Fed. R. Civ. P. 35 are discretionary but are, unless stipulated to by counsel, to be the subject of a motion. Mr. McMillen contends that his client should not be required to undergo two different IME's; one conducted by a psychologist and the other by a psychiatrist. Mr. McMillian suggests that defense counsel choose either the psychologist or the psychiatrist to conduct the examination. Furthermore, Mr. McMillen objects to the request for IME because the notice did not specify the manner, conditions and scope of the examination which is required by Fed. R. Civ. P. 35 (see Dkt. #95). Mr. McMillen represents that he would readily stipulate to one examination.

**MINUTES OF PROCEEDINGS**
3:11-cv-00885-LRH-WGC
Date: December 17, 2012
Page 2

      In response, Ms. Andrews contends that the examination is a two part procedure, whereas the psychologist will administer psychological testing and the psychiatrist will evaluate plaintiff's condition from a medical physician's perspective.

      The court finds that based on the context of this case, the allegations presented before the court by the plaintiff and the missing records from therapist Beverly Paschal, M.A., good cause exists to allow the examinations under Fed. R. Civ. P. 35, both the psychological and psychiatrist exam.

      The court inquires about plaintiff's physical ability to attend the examination. Mr. McMillen indicates that his client is disabled; however, she is not ambulatory. Ms. Andrews agrees that, should a taxi service be needed in order to transport Ms. Downs to and from the IME, defendants are willing to pay the cost of such service.

      Mr. McMillen advises the court that the plaintiff will be leaving town soon to visit family during the holidays; however, Mr. McMillen is not clear as to when the plaintiff is leaving but does note that she will not return until January 13, 2013. Although the dates may conflict with plaintiff's schedule, Mr. McMillen indicates that the parties can resolve the scheduling matter without the court intervention.

      The court notes that there appears to be a timeliness factor with the scheduled IME because of the soon approaching expert witness deadline; it is the court's preference *not* to extend the expert witness disclosure and rebuttal deadlines.

      Based on the discovery deadlines being extended multiple times (see latest Discovery Plan/ Scheduling Order, Dkt. #82) the court requests that plaintiff cooperate as best she can to attend the scheduled IME appointments. Mr. McMillen indicates he will do so and endeavor to have his client appear for both examinations.

      Furthermore, the court is not inclined to file an order directing that plaintiff comply with the IME and rather the parties embrace the court's guidance to resolve this matter between themselves. However, if it becomes necessary for the court to intervene, defense counsel is directed to address the specifics of the examination called for by Fed. R. Civ. P. 35., including the time, place, manner, conditions, scope of exam and the examiner.

**MINUTES OF PROCEEDINGS**
3:11-cv-00885-LRH-WGC
Date: December 17, 2012
Page 3

2:05 p.m. Court Adjourns.

**IT IS SO ORDERED.**

                                                LANCE S. WILSON, CLERK

                                            By:  _____/s/_____
                                                 Katie Lynn Ogden, Deputy Clerk