UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| LINDA DOWNS, | ) | 3:11-cv-00885-LRH-WGC |
| | ) | |
| Plaintiff, | ) | **MINUTES OF THE COURT** |
| | ) | |
| vs. | ) | January 18, 2013 |
| | ) | |
| RIVER CITY GROUP, LLC *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

PRESENT: <u>THE HONORABLE WILLIAM G. COBB</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   <u>Katie Lynn Ogden</u>   REPORTER: <u>            FTR            </u>

COUNSEL FOR PLAINTIFF(S):  <u>Adam P. McMillen                          </u>

COUNSEL FOR DEFENDANT(S):  <u>Ariel Stern, Christina Bhirud (obo: Wells Fargo) and  </u>

<u>Ann-Martha Andrews (obo: Minnesota Life Insurance Company                      </u>

**MINUTES OF PROCEEDINGS: Motion Hearing**

9:44 a.m. Court Convenes.

**I. Motion to Compel Deposition of Amber Deisn (Dkt. #99) and Motion for Protective Order (Dkt. #105)**

Mr. Stern informs the court that the parties have come to an agreement to allow for plaintiff's counsel to depose Jessica Jones once again. The parties have agreed to allow for a three hour session for the deposition.

It is the order of the court that the request to depose Amber Deisn is not reasonably calculated to lead to discovery of admissible evidence. Therefore, plaintiff's Motion to Compel Deposition of Amber Deisn (Dkt. #99) and defendant's Motion for Protective Order (Dkt. #105) is **DENIED**.

**II. Motion to Compel (Dkt. #101)**

Ms. Andrews informs the court that the parties have resolved the discovery disputes found in Minnesota Life Insurance Company Motion to Compel (Dkt. #101). Additionally, plaintiff has agreed to further supplement its discovery response to satisfy Minnesota Life's discovery request.

MINUTES OF THE COURT
3:11-cv-00885-LRH-WGC
Date: January 18, 2013
Page 2

In view of the parties resolution of the discovery dispute found in defendant's motion to compel and plaintiff's agreement to provide additional supplementation as information becomes available from Wells Fargo, the Motion to Compel (Dkt. #101) is **WITHDRAWN**.

**III. Emergency Motion to Compel (Dkt. #103)**

The court and parties address plaintiff's Emergency Motion to Compel using Minnesota Life's Statement Regarding Narrowed Discovery Issues (Dkt. #120). After the court and parties discuss the remaining discovery disputes the court orders the following[1]:

**i. Plaintiff's Emergency Motion to Compel MLIC (Dkt. #103)**

**A. Disputed Raised in the Motion Over Rule 30(b)(6) Deposition**

- *Ms. Schmidt did not know the name of the computer system being used to handle claims at the time the claim was made on thee subject file. 48:4-12; 88:12-13; 196:24-197:1. This should have been provided long ago.*

Order of the Court: **DENIED**.

- *Ms. Schmidt refused to answer whether an insurance company ever has to protect an insured's interests while processing the claim. 82:3-11.*

Order of the court: **GRANTED.** The court is inclined to agree that plaintiff is entitled to ask the question; however, plaintiff may need to rephrase the question.

**B. Disputed Raised in the Motion with Walton Deposition Answers**

- *MN Life should have produced the power point presentation from Eric Walton's training on CA law and claim handling. 10:5-14. This should have been provided long ago.*

Order of the Court: **GRANTED.** If there is a power point presentation and if there is a typed "booklet" it should be produced. If there is not a power point presentation or typed "booklet" defendant shall file a notice of correction as to the Walton deposition.

---

[1]The court notes that any bullet points that are not addressed in this section of the minutes of proceedings is due to the representation that the disputes are resolved and withdrawn.

MINUTES OF THE COURT
3:11-cv-00885-LRH-WGC
Date: January 18, 2013
Page 3

- *Mr. Walton's spreadsheet for calculating the reserve should have been produced a long time ago. 100:5-9. This should have been provided long ago.*

Order of the Court: **DENIED.**

### C. Disputes Raised in the Motion About Interrogatory Answers

- *Interrogatory 8: MN Life has failed to set forth the full amount of the policy proceeds payable upon the death of Ronald Downs.*

Order of the court: **GRANTED.** Defendant shall supplement its response to this Interrogatory 8.

- *Interrogatory 20. MN Life has failed to identify each step MN Life took to process the claim, as requested in the interrogatory.*

Order of the court: **DENIED.** No further answer is required.

### D. Disputes Raised in the Motion Over Request for Production Answers

- *Request 7: MN Life has failed to provide all documents related to the Downs' certificate that were filed with the NV Division of Insurance related to the prototype between Downs and MN Life.*

Order of the court: **DENIED.**

### E. Disputes Over Rule 30(b)(6) Deposition Not Raised in the Motion

- *Ms. Schmidt said she could look up the number of mortgage payments protection claims MN Life handles annually. 32:12-33:23. This should have been provided long ago.*

Order of the court: **DENIED.**

- *Ms. Schmidt did not know if the 6/10/10 phone call was recorded but that she could find out. 46:2-7. This should have been provided long ago.*

MINUTES OF THE COURT
3:11-cv-00885-LRH-WGC
Date: January 18, 2013
Page 4

    Order of the court: **DENIED.** It appears that this has been resolved pursuant to Ms. Andrews representation that all recorded phone calls have been produced.

- *Ms. Schmidt indicated there is documentation of WF remitting the Downs' premiums to MN Life, 226:24-228:16, however, MN Life has not produced any such documentation.*

    Order of the court: **DENIED.** This topic has been adequately produced my MN Life.

- *Ms. Schmidt was not prepared to discuss what the "administration manual" was for each of the plans identified in the marketing agreement between WF and MN Life. 230:17:24.*

and

- *Ms. Schmidt was generally unprepared to discuss the marketing agreement. 234:6-237:5.*

    Order of the Court: **GRANTED.** It is appropriate to have Ms. Schmidt provide a declaration that states, in some fashion, that the administrative manual does not speak to claims handling procedures.

### IV. Emergency Motion to Compel Further Discovery from Wells Fargo Bank, N.A. (Dkt. #109)

    Mr. Stern represents that the parties have resolved the Emergency Motion to Compel Further Discovery from Wells Fargo Bank, N.A. (Dkt. #109), and requests that it be withdrawn.

    In view of the parties representation that the motion has been resolved, plaintiff's Emergency Motion to Compel (Dkt. #109) is **WITHDRAWN**.

**IT IS SO ORDERED.**

11:11 a.m. Court Adjourns.

                                        LANCE S. WILSON, CLERK

                                By: _____/s/_____
                                  Katie Lynn Ogden, Deputy Clerk