```
          FILED              RECEIVED
          ENTERED            SERVED ON
                   COUNSEL/PARTIES OF RECORD

              JAN 29 2013

          CLERK US DISTRICT COURT
           DISTRICT OF NEVADA
   BY: _____ DEPUTY
```

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| LINDA DOWNS, | 3:11-cv-00885-LRH-WGC |
| Plaintiff, | |
| vs. | **ORDER** |
| RIVER CITY GROUP, LLC, et. al. | |
| Defendants. | |

Before the court is defendant Wells Fargo Bank, N.A.'s (WF) Motion to Compel Compliance with Subpoena *Duces Tecum* and for Additional Deposition Time and Request for Expedited Relief on Order Shortening Time. (Docs. # 129-#131.)

## I. NATURE OF MOTION AND RELIEF REQUESTED

WF seeks an order compelling compliance with two subpoenas duces tecum served on Plaintiff's treating medical providers, Beverly Paschal and Dr. Harris. In addition, WF seeks an order compelling Paschal to appear for a second deposition without charge.

## II. BACKGROUND

Plaintiff identified Ms. Paschal and Dr. Harris as her treating medical providers. WF subpoenaed their records and set their depositions once Plaintiff designated them as experts.

In response to the subpoena, Paschal attested she had no records concerning Plaintiff as her computer and the files contained within it had been destroyed by a virus. She did not otherwise object to the subpoena or move to quash the subpoena pursuant to Federal Rule of Civil Procedure 45. At her deposition, WF asserts that Ms. Paschal indicated she did have documents potentially responsive to the subpoena but refused to produce them, claiming they

1  were protected or perhaps privileged in some manner. She apparently did not indicate why she
2  had previously attested that she did not have documents responsive to the subpoena. WF seeks
3  an order compelling production of these documents as well as an order requiring Paschal to
4  appear for a second deposition without charge so it may question her about the documents
5  once it has an opportunity to review them.

6       Dr. Harris apparently produced documents responsive to the subpoena, but stated at
7  his deposition that he had additional documents that may be responsive. While Dr. Harris
8  indicated he would agree to produce these documents, WF asserts that Plaintiff's counsel
9  instructed him to the contrary. As a result, WF seeks an order compelling production of the
10 documents by Dr. Harris.

11 **III. DISCUSSION**

12      Preliminarily, WF's request for expedited relief on an order shortening time (Doc. # 130)
13 is **GRANTED**. However, for the reasons, set forth below, WF's request for an order compelling
14 compliance with the subpoenas and for a second deposition of Beverly Paschal is **DENIED**
15 **WITHOUT PREJUDICE**.

16      The first problem with WF's motion is that it has been brought as a motion to compel
17 the production of documents and a second session of a deposition when it should have been
18 brought as an application for an order to show cause regarding contempt pursuant to Federal
19 Rule of Civil Procedure 45(e). Rule 45(e) is the only mechanism provided in the Federal Rules
20 of Civil Procedure to address a non-party's failure to comply with a subpoena. See Fed. R. Civ.
21 P. 45(e); *Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492 (9th Cir. 1983) (citation
22 omitted) ("The only authority in the Federal Rules of Civil Procedure for the imposition of
23 sanctions against a nonparty for failure to comply with a subpoena duces tecum is Rule
24 45[e]."). Moreover, a notice and application for an order to show cause regarding contempt
25 must be served on the person subpoenaed and the other parties, which leads to the discussion
26 of the second problem the court perceives with WF's motion. *See Alcalde v. NAC Real Estate*
27 *Investments & Assignments, Inc.*, 580 F.Supp.2d 969, 971 (C.D. Cal. 2008).

28

1   The second problem with WF's motion is that according to the certificate of service (Doc. # 129 at 7), WF only served it on counsel for Plaintiff and Minnesota Life Insurance Company. It was not served on Ms. Paschal or Dr. Harris. A contempt proceeding requires notice to the subpoenaed party and an opportunity to be heard, and also requires a hearing with the presentation of live testimony unless the evidence is uncontroverted. *See United States v. Ayres*, 166 F.3d 991, 996 (9th Cir. 1999); *Peterson v. Highland Music*, 140 F.3d 1313, 1324 (9th Cir. 1998); *Pennwalt*, 708 F.2d at 495 (citation omitted).

Finally, the court reaches the third problem it perceives with respect to WF's discovery motion: the failure to meet and confer. Given the number of discovery motions that have been filed in this action, counsel for WF should be keenly aware of Local Rule 26-7(b)'s meet and confer requirement; however, there is no declaration attached to the motion certifying any efforts were made to meet and confer on these issues.

For the foregoing reasons, WF's motion (Doc. # 129) is denied without prejudice. WF may file a properly noticed and served application for an order to show cause regarding contempt, but only after it engages in a good faith effort to resolve this dispute informally. The court suggests that such efforts include a conversation or correspondence with Ms. Paschal and Dr. Harris which informs them that the failure to timely object or file a motion to quash under Rule 45(c)(2)(b) and (3) constitutes a waiver of any privilege they may now seek to raise. *See, e.g., Scruggs v. Vance*, at *11 (citations omitted). Assuming the documents WF seeks to obtain are responsive to the subpoena, if Ms. Paschal and Dr. Harris persist in refusing to produce such documents, an application for an order to show cause regarding contempt will likely be well taken.

**IT IS SO ORDERED.**

DATED: January 29, 2013

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

3