UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| LINDA DOWNS, | ) | 3:11-cv-00885-LRH-WGC |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| RIVER CITY GROUP, LLC, et al., | ) | |
| Defendant(s). | ) | |

## I.   BACKGROUND

Before the court are Defendant Wells Fargo Bank's Motion for Stay of Plaintiff's Discovery Motions (Doc. # 197) and Request for Expedited Relief on Order Shortening Time (Doc. # 198). Defendant sought to stay briefing on Plaintiff's motion to compel further discovery (Doc. # 191). Defendant Wells Fargo's motion also referenced Plaintiff's motion to compel further discovery from Defendant Minnesota Life. (Doc. # 188.) The purpose of Defendant's motion is stated as seeking a stay on "briefing argument and decision on Downs' [discovery] motions until after the court decides the pending summary judgment motions." (Doc. # 197 at 2.) Defendant Minnesota Life joined in the Wells Fargo motion. (Doc. # 200.)

In response to Defendant's Request for Expedited Briefing, and good cause appearing, the court stated that it would conduct a status conference on Wells Fargo's motions (Docs. # 197 and # 198) on May 16, 2013, at 10:30 a.m. The deadline for filing responses to Plaintiff's motions to compel (Docs. # 188 and # 191) was stayed until after completion of the status conference at which time new deadlines, if necessary, would be established. Plaintiff was directed to file a response to Defendants' motions for

1  stay of Plaintiff's discovery motions on or before May 15, 2013, which Plaintiff did in Doc. # 201.
2  Counsel submitted an affidavit in support of his clients' oppositions to the motion to stay. (Doc. # 202).
3  The Court conducted a hearing and received arguments of counsel at a status conference on May 16,
4  2013. Present for Plaintiff was her attorney Adam McMillen, Esq. Present for Defendant Wells Fargo
5  was its attorney Ariel Stern, Esq. Counsel for Minnesota Life, Todd Erb, Esq., participated by telephone.

**II.     ANALYSIS**

The court noted that Plaintiff's motion to compel against Minnesota Life was filed on April 25, 2013, and that Plaintiff's motion against Wells Fargo was filed on April 29, 2013 (Docs. # 188 and # 191). However, the discovery deadline in this case expired on February 8, 2013. (Doc. 82.) Perhaps more importantly, it is noted that all parties, Plaintiff included, filed motions for summary judgment in this case: (Plaintiff, Doc. # 157, actually a motion for partial summary judgment, 3/11/13; Defendant Minnesota Life, Doc. # 155, 3/8/13; Defendant Wells Fargo, Doc. # 154, 3/8/13). Briefing on these motions was completed on April 11, 2013. No party, most importantly the Plaintiff, asserted that resolution of the motions should be delayed under Fed. R. Civ. P. 56(d) until after additional discovery indispensable to the case and important to the motions for summary judgment was completed. While this Rule might not have afforded any assistance to Plaintiff on her partial motion for summary judgment because 56(d) only provides relief to a non-movant, if Plaintiff thought this discovery was relevant to the issues presented by the motions of the Defendants, Plaintiff could have made an argument to the court which would have delayed consideration of the motions:

> **Rule 56(d)** provides in pertinent part as follows:
>
> If a nonmovant shows by affidavit or declaration that, for specific reasons, it cannot present facts essential to justify its opposition, the court may
>
> (1) defer considering the motion, or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

In this matter, the Plaintiff in opposing the Defendants' motions did not avail herself of this provision of Rule 56. Thus, the court fails to understand how the discovery Plaintiff wants to now

compel from Defendants can have any real relevancy to this case if this discovery was so unimportant that Plaintiff did not feel a need for it to be used in opposing the motions for summary judgment.

In footnote 1 to Plaintiff's response (Doc. # 201 at 2), Plaintiff states that while she believes the facts provided in her opposition to Defendants' motion were sufficient to show material facts are in dispute such that summary judgment should be denied, Plaintiff also stated that she would "supplement her oppositions according to the information received in response to the pending motion to compel... ." The court would assume that if the information sought in these motions to compel had any substantive validity, the Plaintiff would have sought the 56(d) extension to supplement her oppositions, but she did not do so.

The court cannot discern the utility in the briefing by the parties and consideration by the court of a motion to compel which might become moot if District Judge Larry Hicks grants Defendants' motions. Plaintiff was unable to present any compelling argument to support her position that the court should still proceed to hear and possibly decide a motion to compel which may become totally irrelevant.

The case Plaintiff cites in support of her position, *O-Grady-Sullivan v State of Nevada*, 2:11-cv-00839-MMD-CWH, 2012 WL 3012434 (D. Nev. 2012), is inapposite. In that decision, Magistrate Judge Hoffman was considering Defendant's request for a stay of discovery while the district judge addressed the merits of Defendant's motion to dismiss predicated on immunity grounds. In that matter, the deadline for completion of discovery <u>not</u> been completed, nor had final motions for summary judgment been thereafter submitted to the court.

Defendants cite the general rule that absent "unusual circumstances," discovery motions should be filed *before* the deadline for completion of discovery expires. *Gault v Nabisco Biscuit Co.*, 184 F.R.D. 620, 622 (D. Nev. 1999). Although not denying Plaintiff's motions to compel, based on the arguments and memoranda before the court at this time, the court does not find any "unusual circumstances" in the present case which might justify consideration of a motion to compel at this stage.

Similarly in the *Gault* case, in denying the untimely motion to compel, Judge Johnston also noted that the movant in that case, in opposing a motion for summary judgment, did not seek the court to delay consideration of the motion while Plaintiff completed discovery, citing Rule 56(f) (now 56(d)). As herein, the plaintiff in *Gault* represented to the court that "he was able to fully and substantively oppose

3

Nabisco's motion for summary judgment without resorting to Rule 56(f)." 184 F.R.D. at 622. This is what Plaintiff stated relative to her opposition to Defendants' motions for summary judgment. (Doc. # 201 at 2; n.1.)

The court is *not*, however, as counsel for Wells Fargo requested, denying and/or striking Plaintiff's motions to compel in their entirety; it is just that the court believes that consideration of a motion to compel filed after the deadline for completion of discovery while dispositive motions are pending runs counter to principles of judicial economy. If Judge Hicks grants Defendants' motions for summary judgment as to either or both parties, as noted above, obviously the motion to compel as to that party becomes moot. If, on the other hand, Judge Hicks denies Defendants' motions, the court will direct the parties to complete briefing on the merits of Plaintiff's motions to compel, to include, however, a discussion of whether Plaintiff's motions were timely filed.

### III. CONCLUSION

The motion for stay of discovery of Defendant Wells Fargo (Doc. # 198), as joined in by Defendant Minnesota Life (Doc. # 200), is **GRANTED**. If the motions for summary judgment filed by Defendants are denied, then such Defendant will have **twenty-one (21) days** thereafter to submit a response to Plaintiff's motions to compel (Docs. # 188 and # 191). If under this order a responsive memorandum is required, prior to filing a memorandum the parties shall first "meet and confer" to attempt to resolve any lingering and outstanding discovery dispute(s).

**IT IS SO ORDERED.**

DATED: May 21, 2013.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE