UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

LINDA DOWNS,

    Plaintiff,

v.

RIVER CITY GROUP, LLC; et al.,

    Defendants.

3:11-cv-0885-LRH-WGC

ORDER

Before the court is defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") motion to dissolve stipulated injunction. Doc. #137.[1]

In July, 2005, Plaintiff Linda Downs ("Downs"), along with her husband, purchased real property through a mortgage note and deed of trust originated by defendant River City Group, LLC ("River City"). In early December, 2009, Downs and her husband purchased mortgage payment protection insurance advertised by defendant Wells Fargo Bank, NA ("Wells Fargo") and underwritten by defendant Minnesota Life Insurance Company ("Minnesota Life").

On May 31, 2010, Downs's husband passed away. Downs contacted both Wells Fargo and Minnesota Life and notified them of her husband's passing and requested the payment of the twelve consecutive mortgage payments pursuant to the mortgage insurance. Minnesota Life eventually

---

[1] Refers to the court's docket entry number.

1  approved payment in August, 2010, and sent Wells Fargo money to cover the mortgage payments
2  from June, 2010, through August, 2010. However, prior to the disbursement of funds Wells Fargo
3  initiated non-judicial foreclosure proceedings for failure to pay the mortgage payments since May,
4  2010.
5     Subsequently, Downs filed a complaint for breach of contract against defendants. Doc. #1,
6  Exhibit A. In response, the parties filed a stipulation enjoining defendants from conducting a
7  trustee's sale of the underlying property (Doc. #30) which was granted by the court (Doc. #31). In
8  the stipulation, the parties agreed that defendant Wells Fargo could move to dissolve the injunction
9  and proceed with foreclosure by leave of court. Doc. #31. Thereafter, Wells Fargo filed the present
10 motion to dissolve the stipulated injunction. Doc. #137.
11    The court has reviewed the documents and pleadings on file in this matter and finds that
12 Wells Fargo's present motion to dissolve is premature. The parties have filed several dispositive
13 motions which may effect the outcome of this action. As such, the court finds that it would be
14 improper to address the present motion before the pending dispositive motions. Therefore, the court
15 shall deny Wells Fargo's motion without prejudice until after the court has ruled on the parties'
16 dispositive motions.

18    IT IS THEREFORE ORDERED that defendant's motion to dissolve stipulated injunction
19 (Doc. #137) is DENIED without prejudice.
20    IT IS SO ORDERED.
21    DATED this 22nd day of July, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE