UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LINDA DOWNS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>RIVER CITY GROUP, LLC; et al.,<br><br>　　　　Defendants. | 3:11-cv-0885-LRH-WGC<br><br>ORDER |

Before the court is plaintiff Linda Downs ("Downs") motion for partial summary judgment. Doc. #157.[1] Defendant Minnesota Life Insurance Company ("Minnesota Life") filed an opposition (Doc. #161) to which Downs replied (Doc. #180).

**I.    Facts and Procedural History**

In July, 2005, Downs, along with her husband Ronald, purchased real property through a mortgage note and deed of trust originated by defendant River City Group, LLC ("River City"). In early December, 2009, Downs and her husband purchased mortgage payment protection insurance advertised by defendant Wells Fargo Bank, NA ("Wells Fargo") and underwritten by defendant Minnesota Life. The insurance policy provided for twelve (12) monthly payments of $2,398.23 - the amount of the Downs' mortgage - to Wells Fargo in the event of Ronald's death.

---

[1] Refers to the court's docket entry number.

On May 31, 2010, Ronald passed away. On June 10, 2010, Downs contacted both Wells Fargo and Minnesota Life and notified them of Ronald's passing and requested the payment of the mortgage payments pursuant to the mortgage insurance policy. On June 17, 2010, Minnesota Life acknowledged receipt of Downs's claim and requested additional information including: (1) a certified death certificate; (2) a completed Health History Information Request form; and (3) a completed Health Insurance Portability and Accountability Act ("HIPAA") authorization form. Downs sent the requested information on July 6, 2010, and Minnesota Life received the information on July 9, 2010.

After receiving the information, Minnesota Life communicated to Downs that because Ronald had died within the first two years of the policy's effective date, the coverage was contestable, and Minnesota Life would be conducting a routine coverage review. As part of its coverage investigation, Minnesota Life requested additional medical records from Dr. John Williamson ("Dr. Williamson") and the Northern Nevada Medical Center ("NNMC"). Minnesota Life received the records from Dr. Williamson on July 29, 2010, and received the records from NNMC on August 11, 2010.

On August 18, 2010, Minnesota Life completed its contestability review, approved Downs' claim for payment, and sent Wells Fargo a check for $9,572.92 to cover the mortgage payments from May 2010, through August 2010. Thereafter, Minnesota Life made payments in accord with the payment schedule as prescribed under the policy. However, prior to the disbursement of funds from Minnesota Life, defendant Wells Fargo initiated non-judicial foreclosure proceedings against the underlying property for failure to pay the mortgage payments since May 2010.

Subsequently, Downs filed a complaint alleging ten causes of action against all defendants: (1) intentional infliction of emotional distress; (2) negligent infliction of emotional distress; (3) breach of contract; (4) breach of the implied covenants of good faith and fair dealing; (5) unfair claims practices; (6) conspiracy to defraud; (7) negligence; (8) invasion of privacy; (9) unjust enrichment; and (10) quite title. Doc. #1, Exhibit A. Thereafter, Downs filed the present motion for

partial summary judgment on her claim for breach of contract against defendant Minnesota Life. Doc. #157.

**II.     Legal Standard**

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.,* 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); *see also Idema v. Dreamworks, Inc.*, 162 F.Supp.2d 1129, 1141 (C.D.Cal. 2001).

To successfully rebut a motion for summary judgment, the non-moving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J,* 208 F.3d 736 (9th Cir. 2000).  A "material fact" is a fact "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983).  A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to establish a genuine dispute; there must be evidence on which the jury could reasonably find for the plaintiff. *See id.* at 252.

**III.     Discussion**

In her motion, Downs contends that defendant Minnesota Life breached the mortgage insurance policy by failing to pay the mortgage payments within thirty (30) days of receipt of Ronald's death certificate. *See* Doc. #157. The court disagrees.

In addressing Minnesota Life's separately filed motion for summary judgment (Doc. #155), the court found that Minnesota Life did not breach the mortgage payment protection policy as a matter of law because Minnesota Life timely paid the mortgage payments to defendant Wells Fargo after satisfactory proof of Ronald's death. *See* Doc. #207. In particular, the court found that "the relevant contractual provision of the underlying policy provides that 'the monthly benefit will be payable within 30 days after we receive proof satisfactory to us that you died . . . while insured under this certificate.'" *Id*. (internal citations omitted). " The court interpreted this provision to require satisfactory proof that (1) the decedent died, and (2) the decedent was indeed insured under the policy at the time of his death. *Id*. As to the second element, the policy contained a contestability clause during the first two years of the policy's life that allowed Minnesota Life to conduct a timely contestability review prior to approving Downs's claim, including requesting additional medical information about Ronald at the time of his death. *Id*.

Here, Minnesota Life, upon receipt of the requested medical records on August 11, 2010, completed its contestability investigation and paid out all owed benefits on August 18, 2010, only seven days after receiving the requested information. The whole process, starting with Downs filing for the benefits under the policy in June and providing a death certificate on July 9, 2010, lasted less than two months - which included the weeks of time Minnesota Life waited for Downs to produce the initial required documentation. Thus, because Minnesota Life had a legal right to conduct its contestability investigation and the investigation was conducted within a reasonable amount of time, the court found that there was no breach of the insurance policy as a matter of law. *See* Doc. #207. Accordingly, the court shall deny Down's motion for partial summary judgment against Minnesota Life as to her claim for breach of contract.

1  IT IS THEREFORE ORDERED that plaintiff's motion for partial summary judgment
2  (Doc. #157) is DENIED.
3  IT IS SO ORDERED.
4  DATED this 2nd day of December, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE