UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

LINDA DOWNS,

    Plaintiff,

v.

RIVER CITY GROUP, LLC; et al.,

    Defendants.

3:11-cv-0885-LRH-WGC

ORDER

Before the court is defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") motion for summary judgment. Doc. #154.[1] Plaintiff Linda Downs ("Downs") filed an opposition (Doc. #163) to which Wells Fargo replied (Doc. #183).

**I.    Factual and Procedural History**

In July, 2005, Downs, along with her husband Ronald, purchased real property through a mortgage note and deed of trust. In early December 2009, Downs and her husband purchased a mortgage payment protection insurance policy advertised by defendant Wells Fargo and underwritten by defendant Minnesota Life Insurance Company ("Minnesota Life"). The policy provided for twelve (12) monthly payments of $2,398.23 - the amount of the Downs' monthly mortgage payment - to Wells Fargo in the event of Ronald's death.

---

[1] Refers to the court's docket entry number.

On May 31, 2010, Ronald passed away. On June 10, 2010, Downs contacted both Wells Fargo and Minnesota Life, notified them of Ronald's passing, and requested the payment of the payments pursuant to the mortgage insurance policy. On August 18, 2010, Minnesota Life approved Downs' claim for payment, and sent Wells Fargo a check for $9,572.92 - the amount owed for the mortgage payments from May 2010, through August 2010. Thereafter, Minnesota Life made payments in accord with the payment schedule as prescribed under the policy. However, prior to the disbursement of funds in August 2010, Wells Fargo initiated non-judicial foreclosure proceedings against the underlying property.

Subsequently, Downs filed a complaint alleging ten causes of action against all defendants: (1) intentional infliction of emotional distress; (2) negligent infliction of emotional distress; (3) breach of contract; (4) breach of the implied covenants of good faith and fair dealing; (5) unfair claims practices; (6) conspiracy to defraud; (7) negligence; (8) invasion of privacy; (9) unjust enrichment; and (10) quite title. Doc. #1, Exhibit A. In response, Wells Fargo filed a motion to dismiss (Doc. #38) which was granted in-part and denied in-part by the court (Doc. #64). In the court's order, the court dismissed Downs' fifth claim for unfair practices, sixth claim for conspiracy to defraud, eighth claim for invasion of privacy, and tenth claim for quiet title against defendant Wells Fargo. Doc. #64. Thereafter, Wells Fargo filed the present motion for summary judgment on the remaining six causes of action. Doc. #154.

**II.     Legal Standard**

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.,* 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); *see also Idema v. Dreamworks, Inc.*, 162 F.Supp.2d 1129, 1141 (C.D.Cal. 2001).

To successfully rebut a motion for summary judgment, the non-moving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to establish a genuine dispute; there must be evidence on which the jury could reasonably find for the plaintiff. *See id.* at 252.

**III.    Discussion**

**A.  Intentional/Negligent Infliction of Emotional Distress**

To establish a claim for intentional infliction of emotional distress, a plaintiff must show: (1) extreme or outrageous conduct by defendant; and (2) that plaintiff suffered severe emotional distress. *Dillard Dept. Stores, Inc. v. Beckwith*, 989 P.2d 882, 886 (Nev. 1999). Extreme and outrageous conduct is that which is "outside all possible bounds of decency" and is intolerable in civil life. *Maduike v. Agency Rent-A-Car*, 953 P.2d 24, 25 (Nev. 1998).

A plaintiff can recover for negligent infliction of emotional distress if she (1) is a bystander closely related to the victim of an accident, (2) is located near the scene of the accident, and (3) suffers a shock resulting from direct emotional impact stemming from the sensory and

contemporaneous observance of the accident. *See Crippens v. Sav on Drug Stores*, 961 P.2d 761, 762 (Nev. 1998). Further, in Nevada, a direct victim of a defendant's negligent acts can recover for negligent infliction of emotional distress. *Shoen v. Amerco, Inc.*, 896 P.2d 469, 477 (Nev. 1995) ("If a bystander can recover for the negligent infliction of emotional distress, it is only logical that the direct victim be permitted the same recovery . . .. We recognize that the negligent infliction of emotional distress can be an element of the damage sustained by the negligent acts committed directly against the victim-plaintiff."). However, "there still must be an underlying injury separate from the emotional harm" to establish a claim for negligent claim of emotional distress. *Kennedy v. Carriage Cemetery Servs.,* 727 F.Supp.2d 925, 935 (D. Nev. 2010).

In its motion, Wells Fargo contends that its conduct in pursuing the non-judicial foreclosure was lawful and appropriate based on the signed mortgage note and deed of trust because Downs was in default on her loan at that time. Thus, Wells Fargo argues that its conduct was not extreme or outrageous. Further, Wells Fargo argues that there is no evidence that Downs suffered a physical injury related to her alleged emotional distress.

The court has reviewed the documents and pleadings on file in this matter and finds that there are disputed issues of material fact that preclude granting summary judgment on Downs' emotional distress claims. First, viewing the evidence in the light most favorable to Downs as the non-moving party, Wells Fargo orally promised Downs that it would not foreclose on the property while Minnesota Life was processing her claim. Then, despite this promise, Wells Fargo proceeded to initiate non-judicial foreclosure proceedings on the property. Second, after Wells Fargo received the money under the policy, it refused to reinstate her loan unless Downs paid additional monies for foreclosure and late payment fees that Wells Fargo incurred because of its own conduct in pursuing the foreclosure despite its promise to withhold foreclosure proceedings until Minnesota Life had made a policy determination. Finally, the court finds that Downs has proffered sufficient evidence of a physical injury to support her claims for emotional distress. In particular, Downs has provided the court with evidence of an excess of cortisol, resulting from her emotional distress, which caused

her body to retain fluids which led to severe swelling and other identifiable medical problems. Based on these disputed issues, the court shall deny Wells Fargo's motion as to these claims.

### B. Breach of Contract

To prevail on a breach of contract claim, a plaintiff must demonstrate: (1) the existence of a valid contract; (2) a breach by the defendant; and (3) damages resulting from defendant's breach. *Saini v. Int'l Game Tech.*, 434 F. Supp. 2d 913, 919-20 (D. Nev. 2006); *Brown v. Kinross Gold U.S.A., Inc.*, 531 F. Supp. 2d 1234, 1240 (D. Nev. 2008).

In her complaint, Downs alleges that Wells Fargo breached the mortgage payment insurance policy because it failed to bring the mortgage current and reinstate her loan after receiving payments by Minnesota Life. *See* Doc. #1, Exhibit A, ¶74-75. However, it is undisputed that Wells Fargo was not a party to the contract and had no obligation to act in any specific manner under the policy's language. As such, Wells Fargo cannot have breached a contract to which it was not a party as a matter of law. Accordingly, the court shall grant Wells Fargo's motion as to this issue.

### C. Breach of Implied Covenants of Good Faith and Fair Dealing

Under Nevada law, "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and execution." *A.C. Shaw Constr. v. Washoe County*, 784 P.2d 9, 9 (Nev. 1989) (quoting Restatement (Second) of Contracts § 205). To establish a claim for breach of the implied covenant of good faith and fair dealing, a plaintiff must show that: (1) the plaintiff and defendant were parties to a contract; (2) the defendant owed a duty of good faith and fair dealing to the plaintiff; (3) the defendant breached his duty by performing in a manner unfaithful to the purpose of the contract; and (4) the plaintiff's justified expectations were denied. *See Perry v. Jordan*, 900 P.2d 335, 338 (Nev. 1995) (citing *Hilton Hotels Corp. v. Butch Lewis Prod. Inc.*, 808 P.2d 919, 922-23 (Nev. 1991).

As addressed above, Wells Fargo was not a party to the mortgage insurance policy. Thus, Wells Fargo cannot have breached any implied covenants related to that policy. Accordingly, the court shall grant Wells Fargo's motion as to this issue.

### D. Negligence

In order to allege a claim for negligence, a plaintiff must show: (1) a duty owed by defendants to plaintiff; (2) a breach of that duty by defendants; (3) causation; and (4) damages. *See Hammerstein v. Jean Dev. W.*, 907 P.2d 975, 977 (Nev. 1995).

In her complaint, Downs alleges that Wells Fargo had a duty to exercise due care in the administration of her loan but failed to exercise such care when it pursued a non-judicial foreclosure against Downs after it had received money under the mortgage payment protection plan. *See* Doc. #1, Exhibit A.

Wells Fargo argues that there is no evidence to support Downs' claim. However, Downs has proffered sufficient evidence that Wells Fargo improperly administered her loan by failing to promptly and appropriately apply the funds from the insurance policy to her account causing her to incur additional fees so that her mortgage would stay in default although Wells Fargo received sufficient money to cover the missed payments. Therefore, the court finds that there are disputed issues of material fact precluding summary judgment.

### E. Unjust Enrichment

To set forth a claim for unjust enrichment, a plaintiff must allege that a defendant unjustly retained money or property of another against fundamental principles of equity. *See Asphalt Prods. Corp. v. All Star Ready Mix*, 898 P.2d 699, 700 (Nev. 1995). An unjust enrichment claim is established where there is "a benefit conferred on the defendant by the plaintiff, appreciation by the defendant of such benefit, and acceptance and retention by the defendant of such benefit." *Topaz Mut. Co. v. Florence Marsh*, 839 P.2d 606, 613 (Nev. 1992) (citation omitted).

Wells Fargo argues that there was no unjust enrichment in this action because it was entitled to the payments under the insurance policy. However, Downs has proffered sufficient evidence that Wells Fargo improperly kept the funds without reinstating her loan and continuing with foreclosure proceedings despite receiving sufficient money to cover all the missed mortgage payments. Therefore, the court finds that there are disputed issues of material fact precluding summary

judgment. Accordingly, the court shall deny Wells Fargo's motion as to this issue.

IT IS THEREFORE ORDERED that defendant's motion for summary judgment (Doc. #154) is GRANTED in-part and DENIED in-part in accordance with this order.

IT IS FURTHER ORDERED that the clerk of court shall enter judgment in favor of defendant Wells Fargo Bank, N.A. and against plaintiff Linda Downs on plaintiff's third cause of action for breach of contract and fourth cause of action for breach of the implied covenants of good faith and fair dealing.

IT IS FURTHER ORDERED that the parties shall file a joint proposed pretrial order within thirty (30) days of the entry of this order.

IT IS SO ORDERED.

DATED this 4th day of December, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE