1

2

3

4

5

6                           **UNITED STATES DISTRICT COURT**

7                                 **DISTRICT OF NEVADA**

8

9    LINDA DOWNS,                      )            3:11-cv-00885-LRH-WGC
                                       )
10            Plaintiff,               )    **ADDENDUM TO ORDER (DOC. # 232)**
                                       )
11       vs.                           )    re: Minnesota Life Insurance Company's
                                       )    Emergency Motion to Strike Plaintiff's
12   RIVER CITY GROUP, LLC, et al.,    )    Motion to Compel (Doc. # 226)
                                       )                  and
13            Defendants.              )    Plaintiff's Motion to Compel (Doc. # 223)
     _____)

14

15         On January 17, 2014, this court entered its order (Doc. # 232) denying Plaintiff Linda Downs'

16   Motion to Compel (Doc. # 223). The court granted the relief sought in Defendant's Minnesota Life

17   Insurance Company's ("Minnesota Life") Motion to Strike (Doc. # 226) but declined to strike the filing

18   (Doc. # 223) to which the Defendant's Motion (Doc. # 226) was directed. The court also denied as moot

19   Defendant Minnesota Life's Request for Expedited Relief. (Doc. # 227).

20         It has come to the court's attention that its Order (Doc. 232) did not recognize that certain of

21   Plaintiff's causes of action  against Minnesota Life were previously dismissed on stipulation and order

22   (Doc. # 69) before Senior District Judge Larry R. Hicks granted Minnesota Life's Motion for Summary

23   Judgment. (Doc. # 207.) More specifically, when discussing whether all of Plaintiff's causes of action

24   had been dismissed as against Minnesota Life, this court noted that Minnesota Life represented in its

25   Motion to Strike that "Judge Hicks' ruling 'disposed of *all* Downs' claims against Minnesota Life.' (Doc

26   # 226 at 2; emphasis in the original)." (Order, Doc. # 232 at 8.) While Judge Hicks' order did in fact

27   dismiss the causes of action upon which Minnesota Life's motion for summary judgment was predicated,

28   this court also commented on Judge Hick's observation that "Minnesota Life did not address or move

for summary judgment on three of Downs' ten causes of action: the Sixth Cause of Action for conspiracy to defraud, Eighth Cause of Action for invasion of privacy or Tenth Cause of Action for quiet title. (*Id.*, at 2, n. 2)." (Doc. # 232 at 2.)

Although this court failed to note the stipulated dismissal of these three causes of action (again, it would have been helpful to the court if Minnesota Life had brought this partial dismissal of certain claims in the case to the court's attention – one of some more than 200 filings which predated the subject motion), nevertheless, the prior termination of these claims has no substantive bearing on the conclusion reached by the court that Plaintiff's Motion to Compel should be denied. In view of the parties' stipulation and order dismissing those three causes of action, there can be no dispute than in fact at the time Plaintiff's Motion to Compel was filed, there were no causes of action remaining as against Minnesota Life. This conclusion would be consistent with Plaintiff not raising any dispute as to Minnesota Life's contention all causes of action have been terminated against that Defendant. (Plaintiff's Opposition to Motion to Strike, Doc. # 230).

In that respect, this court observed that in view of Judge Hicks' order dismissing these claims as against Wells Fargo (Doc. # 64), that "for all intents and purposes" those claims were also no longer viable as against Minnesota Life. (Doc. # 232 at 8, 9). This court concluded, therefore, that the Plaintiff's Motion to Compel (Doc. # 223) and Defendant Minnesota Life's Motion to Strike (Doc. # 226) should be evaluated from the standpoint that none of Plaintiff's causes of action against Minnesota Life remain viable. Even though, as noted above, these three causes of action as against Minnesota Life had been already dismissed, there is, therefore, no substantive change in the conclusion reached in the court's analysis and the underlying Order remains intact.

**IT IS SO ORDERED.**

DATED:  January 21, 2014.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

2