1

2

3

4

5

6

7

8

9

10

11

12

13

14

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

LINDA DOWNS,

   Plaintiff,

  vs.

RIVER CITY GROUP, LLC, et al.,

   Defendants.

_____

)
)
)
)
)
)
)
)
)
)
)

3:11-cv-00885-LRH-WGC

**ORDER**
re: Plaintiff's Motion to Compel
Further Discovery from
Wells Fargo Bank, N.A.
(Doc. # 222)

15

16

17

18

   Before the court is Plaintiff Linda Downs' ("Downs") Motion to Compel Further Discovery from Wells Fargo Bank, N.A. ("Wells Fargo"). (Doc. # 222.)[1] Wells Fargo opposed Downs' motion (Doc. # 235) and Downs replied (Doc. # 238). The motion has been referred to the undersigned by Senior District Judge Larry R. Hicks. After a thorough review, Downs' motion (Doc. # 222) is denied.

19

**I. FACTUAL BACKGROUND & PROCEDURAL HISTORY**

20

**A. Factual Basis for Complaint**

21

22

23

24

25

26

   In July 2005, Downs, along with her husband Ronald, purchased real property through a mortgage note and deed of trust originated by former defendant River City Group, LLC. In early December, 2009, Downs and her husband obtained mortgage payment protection insurance advertised by Wells Fargo and underwritten by defendant Minnesota Life Insurance Company ("Minnesota Life"). The insurance policy provided for twelve (12) monthly payments of $2,398.23— the amount of the Downs' mortgage—to be paid to Wells Fargo in the event of Ronald's death.

27

28

   On May 21, 2010, Ronald passed away. On June 10, 2010, Downs contacted both Wells Fargo

_____

[1] Refers to court's docket number.

and Minnesota life and notified them of Ronald's passing and requested the payment of the mortgage payments pursuant to the mortgage insurance policy. On June 17, 2010, Minnesota Life acknowledged receipt of Downs's claim and requested additional information including: (1) a certified death certificate; (2) a completed Health History Information Request form; and (3) a completed Health Insurance Portability and Accountability Act ("HIPAA") authorization form. Downs sent the requested information on July 6, 2010, and Minnesota Life received the information on July 9, 2010.

After receiving the information, Minnesota Life communicated to Downs that because Ronald had died within the first two years of the policy's effective date, the coverage was contestable, and Minnesota Life would be conducting a routine coverage review. As part of its coverage investigation, Minnesota Life requested additional medical record from Dr. John Williamson and the Northern Nevada Medical Center ("NNMC"). Minnesota Life received the records from Dr. Williamson on July 29, 2010, and from NNMC on August 11, 2010.

On August 18, 2010, Minnesota Life completed its contestability review, approved Downs' claim for payment, and sent Wells Fargo a check for $9,572.92 to cover the mortgage payments from May 2010, through August 2010. Thereafter, Minnesota Life made payments in accord with the payment schedule as prescribed under the policy. However, prior to the disbursement of funds from Minnesota Life, Wells Fargo initiated non-judicial foreclosure proceedings against the underlying property for failure to pay the mortgage payments since May 2010.

Subsequently, Downs filed a complaint alleging ten causes of action against all defendants: (1) intentional infliction of emotional distress; (2) negligent infliction of emotional distress; (3) breach of contact; (4) breach of the implied covenants of good faith and fair dealing; (5) unfair claims practices; (6) conspiracy to defraud; (7) negligence; (8) invasion of privacy; (9) unjust enrichment; and (10) quiet title. (Doc. # 1, Exh. A.)

**B. Discovery Preceding this Motion**

The complicated and extensive discovery history of this case as it pertains to the pending motions is summarized below.[2]

_____

[2] As this court noted in its order disposing of Downs' motion to compel as against Minnesota Life: "Motions to compel, emergency motions, etc., have seemed to be the rule in the discovery history of this case, not the exception. The record reflects this contentious litigation generated some 24 discovery motions." (Doc. # 232 at 2.)

1    The discovery deadline was initially scheduled for July 11, 2012. (Doc. # 40.) It was later

2  extended on the parties' stipulation to September 10, 2012. (Doc. # 51.) On  June 5, 2012, the deadline

3  was extended again to October 10, 2012. (Doc. # 70 at 2.) Yet another stipulation was approved,

4  extending the discovery deadline to December 10, 2012. (Doc. # 80 at 2.) The parties sought a final

5  extension of the discovery deadline (their fourth request) to February 8, 2013 (Doc. # 81); and the

6  deadline for filing dispositive motions was set for March 10, 2013. This court approved this extension,

7  noting, however: **"There will be no further extensions."** (Doc. # 82, emphasis original.)

8    On January 3, 2013, prior to the deadline for completion of discovery, Downs filed an emergency

9  motion to compel discovery against Minnesota Life. (Doc. # 103.) Downs also filed an emergency

10  motion as to Wells Fargo. (Doc # 109.) The court ordered the parties to engage in a personal consultation

11  to try to resolve or at least narrow their disputes and scheduled an expedited hearing on these two

12  emergency motions (as well as several other discovery motions) for January 18, 2013, to the extent any

13  specific issues remained. (Doc. # 111.)

14    Apparently the  court's admonition that the parties needed to satisfy their "meet and confer"

15  obligations had its desired effect, at least as to Downs' motion to compel against Wells Fargo because

16  at the January 18, 2013 hearing, Downs and Wells Fargo advised the court they had resolved their

17  discovery dispute and that Downs was withdrawing her motion against Wells Fargo. (*See* Doc. # 132

18  at 4.)[3]

19    In late April 2013, approximately ten weeks after the deadline for completion of discovery had

20  passed, Downs filed another set of motions to compel against Minnesota Life (Doc. # 188) and Wells

21  Fargo (Doc. # 191).

22    After these motions were filed, Wells Fargo filed a motion for stay of Downs' discovery motions

23  (Docs. ## 197, 198), which Minnesota Life joined (Doc. # 200). They sought a stay of briefing these

24  _____

25    [3] The court notes that Downs' *current* motion to compel against Wells Fargo suggests Wells Fargo reneged on its
agreement which brought about the representation that Downs' motion to compel against Wells Fargo (Doc. # 109) was

26  withdrawn. As a result, Downs states that she is incorporating the prior motion (Doc. # 109) in its entirety into the
*current* motion. (*See* Doc. # 222 at 3.) This posture is problematic. First and foremost, an attempt to "incorporate" a motion

27  which was in fact withdrawn is futile. Moreover, the prior motion (Doc. # 109) was 19 pages with 328 pages of supporting
documentation (Doc. # 110). Downs should not seek to burden the court with undertaking a review of some 350 pages to

28  ascertain what may or may not be germane to her *current* motion.

1   motions until after Judge Hicks decided the pending summary judgment motions. (Doc. # 197 at 2.) As

2   of that date, the parties' respective motions for summary judgment had been fully briefed and were

3   considered ripe for resolution. *See* L.R. 7-2(e).

4          The court conducted another expedited status conference on the motion seeking a stay on May

5   16, 2013. Ultimately, the court agreed with the defendants and stayed briefing on Downs' motions to

6   compel (Docs. ## 188, 191).  The court further stated that:

7               The court is *not*, however, as counsel for Wells Fargo requested, denying
                and/or striking Plaintiff's motions to compel in their entirety; it is just
8               that the court believes that consideration of a motion to compel filed after
                the deadline for completion of discovery while dispositive motions are
9               pending runs counter to principles of judicial economy. If Judge Hicks
                grants Defendants' motions for summary judgment as to either or both
10              parties, as noted above, obviously the motion to compel as to that party
                becomes moot. If, on the other hand, Judge Hicks denies Defendants'
11              motions, the court will direct the parties to complete briefing on the
                merits of Plaintiff's motions to compel, <u>to include, however, a discussion</u>
12              <u>of whether Plaintiff's motions were timely filed</u>.

13  (Doc. # 204 at 4; italics original; emphasis added.)

14  **C. Ruling on Motions for Summary Judgment & Effect on Stayed Motions to Compel**

15         On August 23, 2013, Judge Hicks granted Minnesota Life's motion for summary judgment,

16  effectively terminating it from the case. (Doc. # 207.) On December 4, 2013, Judge Hicks denied

17  Downs' motion for partial summary judgment (Doc # 213) and granted in part and denied in part Wells

18  Fargo's motion for summary judgment (Doc # 215).

19         Shortly thereafter, on December 10, 2013,  Judge Hicks noted various discovery motions had

20  been previously filed but stayed pending resolution of the motions for summary judgment. Judge Hicks

21  denied these discovery motions (Doc. ## 181, 188, 191) without prejudice to allow the parties to re-

22  evaluate their respective positions in light of his decisions on the motions for summary judgment and

23  to allow the parties to decide whether to proceed with similar discovery motions. (Doc. # 218.)

24         Downs elected to proceed with her motion to compel against Wells Fargo (earlier lodged as Doc.

25  # 191) and it was filed as Doc. # 222. The court will not go into detail in describing the substantive basis

26  of Downs' motion to compel against Wells Fargo because as will be discussed fully below, the court

27  finds the motion is untimely.

28  / / /

## II. DISCUSSION

As the court intimated above, the key inquiry here is whether or not Downs timely brought her motion to compel.

**A. Preliminary Matters**

Preliminarily, the court will evaluate the timeliness of Downs' motion by utilizing the date the underlying motion (Doc. # 191) was filed, April 29, 2013, and not the January 8, 2014 date when the motion was re-filed (Doc. # 222), since the underlying motion was dismissed by the court without prejudice to allow Downs to re-evaluate her motion in light of the rulings on the motions for summary judgment. In addition, the court will *not* relate the date of the filing (either Doc. # 222 or Doc. # 191) back to her earlier motion to compel (Doc. # 109) which was irrefutably *withdrawn* by Downs. (*See* Doc. # 132 at 4.)

Next, the court points out that despite the admonition to address the timeliness issue, Downs' motion is devoid of any discussion of timeliness and the topic was only raised in her reply brief.

**B. Legal Standard**

Neither the Federal Rules of Civil Procedure nor the Local Rules for the United States District Court for the District of Nevada specify a deadline for filing a motion to compel. Federal Rule of Civil Procedure 16, however, provides that the court shall set appropriate case deadlines, including those related to the completion of discovery. Fed. R. Civ. P. 16(b). To modify a deadline set forth in the scheduling order, a party must establish good cause. Fed. R. Civ. P. 16(b)(4). The Advisory Committee Comments to Rule 16 indicate that good cause is shown when the schedule cannot reasonably be met despite the diligence of the party seeking the extension. Advisory Committee Notes to Rule 16 (1983 amendments).

In accordance with Rule 16, the court issued a discovery plan and scheduling order, and as discussed above, after granting several extensions, the discovery deadline was ultimately extended to February 8, 2013. (*See* Doc. # 82.)

The decision to extend a discovery deadline is discretionary. *See Cornwell v. Electra Central Credit Union*, 439 F.3d 1018, 1026, 1027 (9th Cir. 2006); *see also Packman v. Chicago Tribune Co.*, 267 F.3d 628, 646-47 (7th Cir. 2001) (finding district court did not abuse its discretion denying motion

1   to compel as untimely where the plaintiff waited to file the motion until after discovery had closed and

2   after the defendants had filed their motion for summary judgment).

3       The Ninth Circuit has highlighted the importance of scheduling order deadlines and the need for

4   parties to take them seriously:

5          In these days of heavy caseloads, trial courts in both the federal and state systems
       routinely set schedules and establish deadlines to foster the efficient treatment and

6          resolution of cases. Those efforts will be successful only if the deadlines are taken
       seriously by the parties, and the best way to encourage that is to enforce the deadlines.

7          Parties must understand that they will pay a price for failure to comply strictly with
       scheduling and other orders, and that failure to do so may properly support severe

8          sanctions and exclusions of evidence.

9   *Wong v. Regents of University of California*, 410 F.3d 1052, 1060 (9th Cir. 2004).

10       Most courts addressing the issue within the Ninth Circuit have held that a motion to compel

11   should be filed before the discovery completion deadline, absent a showing of good cause to modify the

12   scheduling order deadline. Courts have also considered whether the motion was filed before or after the

13   dispositive motion deadline. In addition, some courts also look at various factors in determining the

14   timeliness of a motion to compel filed after the discovery deadline.

15       In *Gault v. Nabisco Biscuit Co.*, 184 F.R.D. 620 (D. Nev. 1999), Magistrate Judge Johnston

16   denied a plaintiff's motion to compel as untimely. Magistrate Judge Johnson initially stated the general

17   proposition that a court may consider a motion to compel untimely when the moving party has unduly

18   delayed its filing. *Id.* at 622 (citations omitted). He also stated: "A motion to compel filed during the

19   discovery period would rarely be considered untimely." *Id.* He acknowledged that a motion to compel

20   might be filed after the close of discovery, but in the absence of unusual circumstances should be filed

21   before the deadline for dispositive motions. *Id.* In that case, Judge Johnston denied the motion,

22   concluding it was untimely where  the plaintiff delayed filing the motion to compel after a decision had

23   been rendered on the defendant's motion for summary judgment and on the eve of trial. *Id.*

24       In *Oliva v. National City Corp.*, No. 2:08-cv-01559-PMP-LRL, 2010 WL 1949600 (D. Nev.

25   May 12, 2010), Magistrate Judge Leavitt similarly denied the plaintiff's motion to compel where the

26   plaintiff filed it nearly two months after the close of discovery, failed to seek an extension of the

27   discovery deadline and did not show good cause to modify the scheduling order. *Id.* at * 4.

28       Magistrate Judge Foley likewise denied a motion to compel filed after the deadline for filing

discovery and dispositive motions. *Christmas v. MERS*, No. 2:09-cv-01389-RLH-GWF, at * 2 (D. Nev. July 2, 2010).

*Rogers v. Brauer Law Offices, PLC*, No. CV-10-1693-PHX-LOA, 2011 WL 3665346 (D. Ariz. Aug. 22, 2011), identifies various cases where courts within the Ninth Circuit have denied discovery motions filed after the close of discovery. *Id.* at * 4 (citing *Kizzee v. Walmart, Inc.*, 2011 WL 3565881, at * 1 (D. Ariz. Aug. 15, 2011) (motion to compel discovery made more than three months after discovery deadline denied as untimely), *Skinner v. Ryan*, 2010 WL 4602935 (D. Ariz. Nov. 5, 2010) (motion to compel filed a month after deadline to bring discovery disputes to court's attention denied as untimely), *Christmas v. MERS*, 2010 WL 2695662 (D. Nev. July 2, 2010) (motion to compel filed after deadline for discovery and dispositive motions deemed untimely), *Oliva v. National City Corp.*, 2010 WL 1949600 (D. Nev. May 12, 2010) (motion to compel discovery filed two months after close of discovery denied as untimely); *Gault v. Nabisco Biscuit Co.*, 184 F.R.D. 620, 622 (D. Nev. 1999) (motion to compel filed 136 days after defendant's initial responses and close of discovery was untimely)).

*Rogers* also pointed to a survey of decisions in other circuits and districts by the Northern District of Texas, which concluded that in determining the timeliness of a motion to compel, courts generally look to the deadline for completion of discovery. *Id.* (citing *Days Inn Worldwide, Inc. v. Sonia Investments*, 237 F.R.D. 395, 397 (N.D. Tex. 2006)). *Rogers* noted that the Northern District of Texas in *Days Inn Worldwide* identified various factors courts consider in analyzing whether a motion to compel filed after the discovery deadline is untimely: "(1) the length of time since expiration of the deadline, (2) the length of time the moving party has known about the discovery, (3) whether the discovery deadline has been previously extended, (4) the explanation for the tardiness or delay, (5) whether dispositive motions have been scheduled or filed, [6] the age of the case, [7] any prejudice to the party from whom the discovery is sought, and [8] disruption of the court's schedule." *Id.* at * 4 (quoting *Days Inn*, 237 F.R.D. at 398). In evaluating these factors, the court in the District of Arizona concluded that a motion filed two months after the discovery deadline, and less than a month before the dispositive motion deadline was untimely. *Id.* at * 5.

In *Agarwal v. Oregon Mut. Ins. Co.*, the plaintiffs specifically argued that their motion, filed after

the close of discovery, dispositive motions deadline, and after the motion for summary judgment was fully briefed, should be considered timely because there is no established deadline for filing a discovery motion. *Agarwal*, No. 2:11-cv-01384-LDG, 2013 WL 211093, at * 5 (D. Nev. Jan. 18, 2013). Magistrate Judge Hoffman rejected that argument, advising the parties that various decisions in this district had addressed the issue, and determined that none of the circumstances advanced by the plaintiffs justified the delay in filing the motion to compel. *Id.*

In another very recent decision in the District of Nevada, Magistrate Judge Hoffman similarly ruled that a motion to compel filed approximately four months after the close of discovery and three months after the dispositive motion deadline was untimely. *Krause v. Nevada Mut. Ins. Co.*, No. 2:12-cv-00342-JCM-CWH, 2014 WL 428675 (D. Nev. Feb. 4, 2014). *Krause* reiterated that a discovery motion should be filed before the dispositive motion deadline. *Id.* at * 2. In denying the motion, Judge Hoffman pointed out that the plaintiff knew of the deficient responses long before the close of discovery, the dispositive motion deadline, and before she filed her response to the motion for summary judgment. *Id.* at * 3.

**C. Analysis**

As demonstrated above, most cases reviewed by the court suggest that absent a showing of good cause, a motion to compel filed after the discovery completion deadline is untimely. The cases also indicate that a motion to compel should be filed before the dispositive motion deadline, absent unusual circumstances. Yet others indicate that a determination of timeliness of a motion filed after the discovery completion deadline should be based on a review of a non-exhaustive list of factors. Regardless of the approach taken, the court reaches the same conclusion in this case: Downs' motion to compel is untimely.

The discovery completion deadline in this case was February 8, 2013. Downs initially filed her motion to compel (not to be confused with the earlier *withdrawn* motion to compel) on April 29, 2013. (Doc. # 191.) This was more than two months after the expiration of the discovery completion deadline, which had been extended various times. This was also more than a month after the expiration of the dispositive motion deadline of March 10, 2013. Moreover, the motion to compel was filed several weeks after all briefing on the dispositive motions had been completed. (*See* Docs. # 180, # 183, # 184.)

8

Therefore, absent a showing of good cause, under the authority followed by most district courts, Downs' motion to compel is untimely.

As the court stated above, Downs did not address the timeliness issue (and therefore did not make a good cause showing) in her re-filed motion to compel, despite the court's instruction that the parties would need to address timeliness if a motion to compel were to be renewed. (*See* Doc. # 222.) In Downs' reply brief, she does offer several justifications for the delay in filing the motion. Downs' arguments are unavailing. She argues that the motion is timely because it relates to discovery requested before discovery closed and it relates to matters that were subject to a motion filed prior to the close of discovery. (Doc. # 238.) First, Downs does not address the authority in this district that a motion to compel should be filed *prior* to the close of discovery. Whether or not the discovery that is the subject of the motion was requested before the close of discovery is not the relevant inquiry. She does not explain why, when she knew the discovery completion date was upon her, she did not seek an modification of the scheduling order to allow her to timely file a motion to compel. Second, the court has already determined that Downs cannot relate this motion compel (either Doc. # 191 or Doc. # 222) back to the motion that she previously withdrew.

Downs also suggests that the reason her motion is untimely is because Wells Fargo "has continuously abused the discovery process by continually refusing to provide the requested discovery." (Doc. # 238 at 1.) This excuse, however, does not explain the tardiness of her motion. If she thought Wells Fargo was abusing the discovery process all along, that is even more reason to have brought the motion earlier. Alternatively, if Downs anticipated Wells Fargo was going to stonewall her in responding to discovery, she should have expected she would need to bring a motion to compel; therefore, she should have sought an extension of the discovery completion deadline so that she could file her motion in a timely fashion.

Downs goes on to argue that she was tardy in filing her motion because she hoped that the motion would not be necessary because the parties were proceeding with a settlement conference. (Doc. # 238 at 2.) Again, Downs should have prophylactically sought a modification of the scheduling order. When she failed to do so, she proceeded at her own peril by waiting to file her motion to compel after both the discovery completion deadline and dispositive motions deadline.

1    In sum, Downs did not file her motion to compel prior to either the discovery completion

2 deadline or dispositive motion deadline, and she has failed to establish good cause for the delay;

3 therefore, the motion is untimely.

4    Even taking into consideration the non-exhaustive list of factors utilized by some courts in

5 determining whether a motion filed after the discovery completion deadline is timely, as the district court

6 undertook in *Days Inn Worldwide*, the court still concludes Downs' motion to compel is untimely.

7    First, as indicated above, the motion was filed more than two months after the discovery

8 completion deadline. This militates against finding the motion was timely.

9    Second, Downs has admittedly known about this discovery for quite a long time. This factor

10 likewise goes against concluding the motion was timely.

11    Third, the court outlined above that the discovery completion deadline was extended numerous

12 times in this action, and prior to granting the final extension of February 8, 2013, the court admonished

13 the parties that there would be no further extensions. The third factor also suggests the motion was not

14 timely and that it should not be permitted.

15    Fourth, the court has addressed Downs' explanations for the tardiness of her filing above, and

16 has found none of them to be adequate, which goes against a finding of timeliness.

17    Fifth, as the court has repeatedly pointed out, Downs filed her motion after the dispositive motion

18 deadline and after briefing on the dispositive motions was completed. This factor weighs against a

19 determining the motion was timely.

20    Sixth, this litigation was initiated in December of 2011. While a trial date has not yet been set,

21 with the court's congested trial calendar, it will likely be difficult to get this case to trial before its three-

22 year anniversary date. Thus, the sixth factor cuts against Downs' argument that the motion was timely.

23    Seventh, Downs obviously contends she would be prejudiced if the motion to compel is not

24 permitted to proceed. This factor therefore weighs in favor of a finding of timeliness.

25    It is also important to note that Downs' opposition to Wells Fargo's motion for summary

26 judgment did *not* raise the contention, under Federal Rule of Civil Procedure 56(d), that she needed

27 additional time "to obtain affidavits or declarations or take discovery" in order to adequately oppose

28 Wells Fargo's motion. (*See* Doc. # 163.)

1    Finally, the court must consider the impact this motion will have on the court's schedule if the

2    court were to determine it was timely. Initially, the court points out that Wells Fargo may seek review

3    of any decision rendered by the undersigned on the motion by the district judge, as is its right.

4    Nonetheless, this would take additional time for review. Then, if the objection were overruled, major

5    disruption of the court's calendar would result. A new scheduling order would have to be entered to

6    provide for the re-deposing (for the third time) of the Wells Fargo witness whom Downs alleges

7    provided inadequate information. (*See* Doc. # 222 at 3-6.) Supplemental answers to interrogatories

8    would be necessary. (*See id*. at 6-7.) According to Downs, new or at the least additional document

9    production would have to be undertaken. (*See id*. at 7-10.) The parties would also have to address the

10   matter of a privilege log. (*See id*. at 10-12.) In view of the contentious discovery history in this case to

11   date, it is likely allowing this motion to proceed may result in the filing of further motion(s) to compel.

12   In sum, the majority of the factors weigh against a finding that Downs' motion to compel was

13   timely filed and instead lead the court to conclude that the motion is untimely.

14   Finally, the court notes Wells Fargo's argument that the court already determined that Downs'

15   motion to compel against Minnesota Life was untimely. (Doc. # 235 at 1.) Wells Fargo is correct (*see*

16   Doc. # 232 at 13:21-26); therefore, it is logical for the court to reach the same conclusion with respect

17   to Downs' motion to compel against Wells Fargo. Nevertheless, substantial independent grounds exist

18   for finding Downs' motion to compel against Wells Fargo untimely.

19                                    **III. CONCLUSION**

20   In the exercise of its broad discretion concerning discovery matters, the court finds Downs'

21   motion to compel (Doc. # 222), as well as its predecessor (Doc. # 191) to be untimely. Therefore,

22   Downs' motion to compel (Doc. # 222) is **DENIED**.

23   **IT IS SO ORDERED.**

24   **DATED:  March 12, 2014**

25                                    _____
                                     WILLIAM G. COBB
26                                   UNITED STATES MAGISTRATE JUDGE

27

28