UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

|  |  |
|---|---|
| LINDA DOWNS,<br><br>        Plaintiff,<br><br> v.<br><br>RIVER CITY GROUP, LLC; et al.,<br><br>        Defendants. | 3:11-cv-0885-LRH-WGC<br><br>ORDER |

Before the court is plaintiff Linda Downs' ("Downs") objection to the Magistrate Judge's January 17, 2014 order denying her motion to compel documents from defendant Minnesota Life Insurance Company ("Minnesota Life") (Doc. #232[1]). Doc. #237.

Also before the court is Downs' objection to the Magistrate Judge's March 12, 2014 order denying her motion to compel further discovery from defendant Wells Fargo Bank, N.A. ("Wells Fargo") (Doc. #243). Doc. #244.

**I.    Facts and Procedural History**

In July, 2005, Downs and her husband Ronald Downs ("Ronald"), purchased real property through a mortgage note and deed of trust. In early December, 2009, Ronald purchased mortgage payment protection insurance advertised by Wells Fargo and underwritten by Minnesota Life.

///

---

[1] Refers to the court's docket entry number.

On May 31, 2010, Ronald passed away. On June 10, 2010, Downs contacted both Wells Fargo and Minnesota Life, notified them of Ronald's passing, and requested payment of the twelve consecutive mortgage payments pursuant to the mortgage insurance policy.

On August 18, 2010, Minnesota Life approved Downs' claim for payment, and sent Wells Fargo a check for $9,572.92 to cover past due mortgage payments from May 2010, through August 2010. Thereafter, Minnesota Life made payments in accord with the payment schedule as prescribed under the policy. However, prior to the disbursement of funds from Minnesota Life, defendant Wells Fargo initiated non-judicial foreclosure proceedings against the underlying property for failure to pay the mortgage payments since May 2010. Subsequently, Downs filed a breach of contract complaint against defendants. Doc. #1, Exhibit A.

During the discovery period, Downs filed motions to compel additional discovery from both Minnesota Life and Wells Fargo. *See* Doc. ##222, 223. Both motions were denied by the magistrate judge. *See* Doc. ##232, 243. Thereafter, Downs filed the present objections to the magistrate judge's orders. Doc. ##237, 244.

**II. Discussion**

Local Rule IB 3-1 authorizes a district judge to reconsider any pretrial matter referred to a magistrate judge pursuant to LR IB 1-3 where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law. In her objections, Downs first argues that the magistrate judge's January 17, 2014 order denying her motion to compel documents from Minnesota Life was clearly erroneous because Minnesota Life had not substantially complied with an early discovery order. *See* Doc. #237. Downs further argues that the magistrate judge's March 12, 2014 order denying her motion to compel further discovery from Wells Fargo was clearly erroneous because the underlying motion to compel was timely. *See* Doc. #244. The court shall address each objection below.

///

///

### A. January 17, 2014 Order

On January 17, 2014, the magistrate judge entered an order denying Downs' motion to compel certain documents from Minnesota Life. *See* Doc. #232. Downs contends that the magistrate judge's order was clearly erroneous because it was based on false assurances by Minnesota Life that it had already complied with the prior order granting a similar motion to compel. *See* Doc. #237. Now, however, Downs argues in her objection that Minnesota Life has not complied with her discovery or the court's prior orders and, therefore, the magistrate judge's order is clearly erroneous.

The court has reviewed the documents and pleadings on file in this matter and finds that there are disputed issues underlying the magistrate judge's order that must be addressed by the magistrate judge before this court can properly evaluate and address the present objection. The court finds that it is necessary for the magistrate judge to determine whether Minnesota Life has actually complied with the prior discovery orders in this case, rather than simply taking Minnesota Life's assurances on face value. For example, Downs argues in her objection that Minnesota Life, although providing Downs with several power point presentations and statute booklets, failed to provide the specific power point presentation and training booklet identified by Eric Walton in his deposition and requested in the prior motion to compel granted by the magistrate judge. Further, Downs argues that Minnesota Life has failed to produce the Administration Manual specifically referenced by Kathryn Schmidt in her deposition, and in contrast, has only provided the separate Insurance and Marketing Administration Agreement. In denying the motion to compel, it appears that the magistrate judge conflated the two different documents when stating that Minnesota Life had substantially complied with all discovery requests. Thus, before the court can address the remaining substance of Downs' objection, it is necessary for the court to know whether or not Minnesota Life has in fact produced this discovery. Therefore, the court shall remand this objection to the magistrate judge for a determination of whether or not Minnesota Life actually complied with Downs' discovery requests and the court's prior orders.

**B. March 23, 2014 Order**

On March 12, 2014, the magistrate judge denied Downs' motion to compel discovery from Wells Fargo (Doc. #222) as untimely. Doc. #243. Downs argues that this order was clearly erroneous based on the unique circumstances of this action. *See* Doc. #244. The court agrees.

Downs filed her initial motion to compel discovery from Wells Fargo on January 10, 2013, almost a month before the February 8, 2013 cut-off date. *See* Doc. #109. Downs' motion to compel was voluntarily withdrawn on January 18, 2013 - the date for a hearing on the motion - on the assurance by Wells Fargo that it would comply and supplement its prior discovery responses. However, Wells Fargo did not ultimately comply or supplement its discovery responses.

In response to Wells Fargo's failure to supplement its responses, Downs filed its second motion to compel discovery from Wells Fargo on April 29, 2013, after the parties had attempted to reach an agreement concerning the additional discovery in March 2013. Doc. #191. Down's second motion to compel was denied by the court without prejudice on the basis that the court had recently addressed dispositive motions and wanted to allow the parties an opportunity to review those orders before re-filing any motions. *See* Doc. #218. Subsequently, on January 8, 2014, and within the thirty-day time frame outlined in the court's order denying Downs' motion without prejudice, Downs re-filed her motion to compel against Wells Fargo. *See* Doc. #222. Thereafter, the magistrate judge denied Downs' motion to compel as untimely. Doc. #243.

Based on the court's review of the procedural time line, and the fact that Downs only withdrew her initial motion to compel because Wells Fargo stated that it was going to comply and produce supplemental discovery responses to address the issues identified in the motion to compel, the court finds that Downs re-filed motion to compel is timely and that the magistrate judge's order to the contrary is clearly erroneous. It would be unfair and prejudicial to penalize Downs - who filed a timely, initial motion to compel - when it was Wells Fargo's actions which caused her to withdraw her initial motion. Therefore, the court shall sustain Downs' objection and remand the motion to compel to the magistrate judge for further action in accordance with this order.

1  IT IS THEREFORE ORDERED that plaintiff's objection to the Magistrate Judge's January
2  17, 2014 order (Doc. #237) is REMANDED to the Magistrate Judge for a determination of
3  defendant Minnesota Life Insurance Company's compliance with prior discovery orders in
4  accordance with this order.

5  IT IS FURTHER ORDERED that plaintiff's objection to the Magistrate Judge's March 12,
6  2014 order (Doc. #244) is SUSTAINED. Plaintiff's motion to compel (Doc. #222) is REMANDED
7  to the Magistrate Judge.

8  IT IS SO ORDERED.

9  DATED this 17th day of September, 2014.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE