UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LINDA DOWNS,<br><br>                           Plaintiff,<br><br>   v.<br><br>RIVER CITY GROUP, LLC, et. al.,<br><br>                         Defendants. | 3:11-cv-00885-LRH-WGC<br><br>**ORDER**<br><br>re: Order on Remand<br>(Doc. # 257) |

Before the court is the order of Senior United States District Judge Larry R. Hicks remanding for reconsideration two discovery orders previously entered in this litigation by the undersigned magistrate judge. (Doc. # 257.)[1] The discovery orders involved are Doc. # 232, which pertained to Plaintiff Downs' discovery dispute with Minnesota Life Insurance Company ("Minnesota Life"), and Doc. # 243, which arose from Plaintiff's dispute with Wells Fargo Bank, N.A. ("Wells Fargo").

The facts and procedural history of this case are outlined in Judge Hicks' Order. (Doc. # 257 at 1-2). However, this court will briefly review the two orders which have been remanded and the underlying discovery disputes which gave rise to those orders.

**I. DOC. # 232: ORDER RE: PLAINTIFF-MINNESOTA LIFE DISCOVERY DISPUTE**

On January 4, 2013, Plaintiff filed an emergency motion to compel further discovery against Minnesota Life. (Doc. # 103.)[2] The court scheduled an expedited hearing on Plaintiff's motion, but required the parties to *first* participate in a "meet and confer" pursuant to Local Rule 26-7(b). The parties were to thereafter submit a summary of their perspectives regarding what discovery issues remained to be addressed by the court (Doc. # 111), which they did (Docs.

---

[1] Refers to court's docket number.

[2] This was one of twenty-four discovery motions filed in this case. (*See* Doc. # 232 at 2, n. 2.)

# 120 (Minnesota Life), #121/122 (Plaintiff)).

Following the parties' conferences, this court at its January 18, 2013 hearing denied certain aspects of Plaintiff's motion to compel but granted certain others. (Doc. # 132.) The further responses required by this court from Minnesota Life focused on two discovery issues, *i.e.*, the production of a Minnesota Life PowerPoint on claims handling and an administrative manual pertaining to the Minnesota Life-Wells Fargo life insurance plan. (*Id.*)

On April 24, 2013, which was approximately ten weeks after the deadline for completion of discovery, Plaintiff filed another motion to compel against Minnesota Life. (Doc. # 188.) Because the motions for summary judgment were fully briefed and then under submission to Judge Hicks, this court stayed briefing on Plaintiff's motion to compel (Doc. # 188) until the potentially dispositive motions between these parties were addressed by Judge Hicks. Thereafter, Minnesota Life's motion for summary judgment was granted (Doc. # 207), which terminated the causes of action against Minnesota Life.[3] Judge Hicks did, however, allow the parties to address whether and how to proceed with the previously stayed discovery motions. (Doc. # 218.) He dismissed the previously stayed motions without prejudice and instructed the parties to review the orders on the dispositive motions and file motions with respect to any remaining discovery dispute within thirty days. (*Id.*)

As a result, Plaintiff filed another motion to compel, Doc. # 223, which flowed from her earlier motions to compel, Doc. # 188 and Doc. # 103. The subject of the new motion was, again, the production of the Minnesota Life PowerPoint on claims handling identified in the deposition of Eric Walton and an administrative manual identified by Kathy Schmidt that this court had previously ordered Minnesota Life to produce. (Doc. # 232 at 5.)

Minnesota Life responded to Plaintiff's motion to compel with a motion to strike (Doc. # 226) arguing that it had since been granted summary judgment by Judge Hicks and, therefore, discovery could not be pursued against a dismissed entity. Minnesota Life also asserted that it

---

[3] Judge Hicks denied Plaintiff's motion for reconsideration of the order granting summary judgment to Minnesota Life (Doc. # 214), and also denied Plaintiff's motion for partial summary judgment against Minnesota Life (Doc. # 213).

had produced "approximately two hundred pages of training materials, including PowerPoint presentations and 'booklets' of statutes." (Doc. # 226 at 4-5.) In addition, Minnesota Life represented that it produced an affidavit from Ms. Schmidt stating that the administrative manual does not speak to claims handling procedures, as the court directed in its January 18, 2013 order. (*Id*. at 5.)[4] Therefore, Minnesota Life contended that it had fully complied with the court's order relative to this discovery dispute.

First, this court concluded that discovery could not be obtained against a dismissed party, *i.e*., Minnesota Life. (Doc. # 232.) Second, the court found that Plaintiff failed to satisfy Local Rule 26(b)'s requirement that the movant engage in a sincere and personal consultation to resolve the dispute before bringing the matter to the court's attention. (*Id*. at 13.) Third, the court concluded Plaintiff's motion—filed after the discovery completion deadline and after the motions for summary judgment were fully briefed—was untimely. (*Id*.) Finally, the court found that Minnesota Life had substantially complied with Plaintiff's remaining discovery requests and the court's order pertaining thereto. (*Id*. at 14.) Accordingly, Minnesota Life's motion to strike was granted and Plaintiff's motion to compel was denied. (*Id*.; Doc. # 233.)

Plaintiff filed an objection to this court's order, arguing that Minnesota Life's production was unsatisfactory. (Doc. # 237.) Minnesota Life filed a response. (Doc. #239). Judge Hicks remanded the matter to the undersigned to determine whether or not Minnesota Life had in fact actually complied with Plaintiff's discovery requests and the court's prior orders. (Doc. # 257.)

## II. DOC. # 243: ORDER RE: PLAINTIFF-WELLS FARGO DISCOVERY DISPUTE

On January 10, 2013, prior to the expiration of the deadline for completion of discovery, Plaintiff filed an emergency motion to compel further discovery from Wells Fargo. (Doc. # 109.) As it did with the Downs-Minnesota Life dispute, this court directed the parties to "meet and confer" regarding the discovery dispute presented by Downs' motion, and to thereafter submit a

---

[4] In her motion, Plaintiff does not dispute that Minnesota Life produced an affidavit of Ms. Schmidt; however, she asserts that the affidavit does not assert that the administrative manual does not speak to claims handling issues, but instead affirmatively indicates that it *does* speak to claim handling issues. (Doc. # 223 at 3.) Therefore, she contended that the entire manual (and not just the single page produced along with the affidavit) should be produced. (*Id*.)

- 3 -

list of the remaining discovery issues. (Doc. # 111.)  The court scheduled an expedited hearing for January 18, 2013. (*Id*.)

Wells Fargo filed its statement regarding the discovery dispute between it and Plaintiff, representing that the issues between it and Plaintiff were "largely resolved," and that it had agreed to withdraw certain objections as to written discovery. (Doc. # 119.) Wells Fargo stated, however, that a dispute remained as to the deposition of Wells Fargo employee Amber Deisn. (Doc. # 119). Plaintiff's statement concurred.  (Doc. # 121 at 3.) At the expedited hearing, Wells Fargo and Plaintiff represented to the court that the discovery issues inherent in Doc. # 109 had been resolved and requested that the motion to compel be withdrawn. (Doc. # 132 at 4.) Based on the representations and requests of counsel, the motion was ordered withdrawn by this court. (*Id*.)[5]

Approximately ten weeks after the deadline for the completion of discovery had expired[6], Plaintiff filed another discovery motion against Wells Fargo. (Doc. # 191.)  The discovery issues raised in Doc. # 191 were substantially similar to those asserted in Doc. # 109, which the parties had represented had been resolved. (Doc. # 132 at 4.)

As did Minnesota Life, Wells Fargo filed a motion to stay briefing on the latest discovery motion until after Judge Hicks had ruled on Wells Fargo's motion for summary judgment (Docs. # 197, # 198), which the court granted (Doc. # 204). The order noted that Plaintiff's opposition to Defendants' motions for summary judgment had not sought to defer resolution of the motions so that Plaintiff could obtain discovery pursuant to Federal Rule of Civil Procedure 56(d). (*Id*. at 2-3.)

On December 4, 2013, Judge Hicks denied in part and granted in part Wells Fargo's

---

[5] The minutes from the hearing do not contain any representations by Plaintiff's counsel as to the further production of documents, just that Wells Fargo's counsel advised the court the parties resolved Plaintiff's motion. Plaintiff's counsel voiced no objection to the representation on the request to withdraw Plaintiff's motion to compel. (Doc. # 132 at 4.)

[6] The oft-extended discovery deadline was set as final for February 8, 2013, with the proviso: "There will be no further extensions." (Doc. # 82.)

- 4 -

motion for summary judgment. (Doc. # 215). Plaintiff thereafter proceeded with a renewed motion to compel against Wells Fargo. (Doc. # 222.) Plaintiff contended that Wells Fargo reneged on its agreement to produce certain documentation (which was why Plaintiff had withdrawn the earlier motion to compel). (*Id*.) Plaintiff "incorporated" her earlier motion to compel (Doc. # 109) into the current motion (Doc. # 222) which, as the best this court can ascertain, supplanted the motion lodged as Doc. # 191.

For various reasons—including that Plaintiff had filed her motion to compel well after the discovery deadline had expired and even after dispositive motions had been briefed—this court denied Plaintiff's motion. (Doc. # 243 at 5-11.) Plaintiff filed an objection to the ruling, arguing that there were "unique circumstances" as to why Plaintiff's motion to compel was timely. (Doc. # 244 at 1.)

Judge Hicks agreed with Plaintiff's argument and concluded that Plaintiff withdrew her initial motion to compel because "Wells Fargo stated that it was going to comply and produce supplemental discovery responses to address the issues identified in the motion to compel..." Finding Plaintiff's motion to be timely, Judge Hicks stated: "It would be unfair and prejudicial to penalize Downs—who filed a timely, initial motion to compel—when it was Wells Fargo's actions which caused her to withdrawn her initial motion." As such, Judge Hicks remanded the motion to compel to the undersigned for further action in accordance with his order. (Doc. # 257 at 4.)

### III. RESOLUTION OF REMAND ISSUES

This court orders Plaintiff, Minnesota Life and Wells Fargo to undertake those steps necessary to fulfill the resolution of the discovery disputes identified by Judge Hicks. The analysis of the issues of discovery pertaining to Minnesota Life is less complicated (by reason of Judge Hicks' identification of the discovery issues) than they are as to Wells Fargo. The court will address the responsibilities of the parties separately.

**A. Plaintiff-Minnesota Life**

Judge Hicks**'** order identified two remaining subjects of discovery which he deemed to

- 5 -

exist between Plaintiff and Minnesota Life which need to be addressed by the undersigned: (1) whether Minnesota Life produced the specific PowerPoint presentation and training booklet identified by Eric Walton in his deposition; and (2) whether Minnesota Life has produced the Administrative Manual referenced by Kathryn Schmidt in her deposition (and not just the separate Insurance and Marketing Administration Agreement). (Doc. # 257 at 3.)

Therefore, within **twenty days of this Order**, the parties shall submit to the court a *joint* statement wherein Minnesota Life shall identify and submit to the court the documents it has produced to Plaintiff that are relevant to the remaining issues outlined by Judge Hicks (and identified above). In the same joint submission, Plaintiff shall explain whether and how the Minnesota Life production is insufficient, and shall identify or describe any additional materials Plaintiff contends should be produced by Minnesota Life. A hearing on the completeness of Minnesota Life's production, or lack of production, will then be scheduled by this court to resolve these remaining issues.

**B. Plaintiff-Wells Fargo**

The scope of the remaining discovery dispute between Plaintiff and Wells Fargo is less clear. The court interprets Judge Hicks' order as essentially reinstating Plaintiff's most recently filed motion to compel as to Wells Fargo. It appears that Plaintiff has narrowed the remaining dispute to four areas: (1) information regarding a related case involving Wells Fargo involving allegedly similar issues and contentions, *Dollens v. Wells Fargo Bank, et. al.,* Case No. D-202-CV-2011-05295, Second Judicial District Court, State of New Mexico (Doc. # 244 at 2-11); (2) the production of a knowledgeable 30(b)(6) witness (*id.* at 22); (3) the failure to respond to certain written discovery (*id.* at 22-23); and (4) the failure to provide a proper privilege log (*id.* at 23).

To ensure that the scope of the remaining discovery dispute is properly identified, this court orders Plaintiff and Wells Fargo to engage in a "meet and confer" to identify the outstanding discovery issues. Then, **within twenty days of the date of this Order**, the parties shall each submit a *separate* memorandum outlining the specific areas of discovery that remain

in dispute and identifying what has or has not been produced. If the parties are in agreement about what areas remain in dispute, they may submit a joint memorandum. If Plaintiff contends that additional documents remain to be produced, Wells Fargo shall submit those documents with its memorandum, whether filed separately or jointly.

**IT IS SO ORDERED**.

DATED: September 24, 2014.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE