# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| LINDA DOWNS, | ) | 3:11-cv-00885-LRH-WGC |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | re: Motion to Clarify Order and Request for Expedited Relief |
| RIVER CITY GROUP, LLC, et al., | ) | (Doc. ## 261, 262) |
| Defendants. | ) | |

Before the Court are two motions filed by Defendant Wells Fargo Bank, a Motion to Clarify Order re Order on Remand [ECF No. 258] and a Request for Expedited Relief, filed as Docs. # 261 and # 262, respectively.[1] Both motions pertain to an apparent discrepancy which was contained in this court's Order on Remand (Doc. # 258.), which was issued after District Judge Larry R. Hicks directed this court to, as Wells Fargo has characterized it, "adjudicate Downs' [discovery] motion on the merits." (Doc. # 261 at 1-2.)

## Motion to Clarify (Doc. # 261)

Wells Fargo expresses concern about that component of the court's order on remand which seemingly requires Wells Fargo to not only submit to the court those documents it has produced to Plaintiff, but also those which were placed into dispute by reason of the parties' discovery and discovery responses. Wells Fargo contends,

> The order continues "[i]f Plaintiff contends that additional documents remain to be produced, Wells Fargo shall submit those documents with its memorandum, whether

---

[1] Refers to court's docket number.

1  filed separately or jointly." *Id.* at p. 7. This language appears to require Wells Fargo to attach *all* documents Downs contends need to be produced–including documents Wells Fargo (1) agrees it has not produced but (2) believes it is not required to produce."

(Doc. # 261 at 2; emphasis in the original.)

Wells Fargo expresses no objection to providing copies of the documents it has already produced. Instead, the objection is predicated as to producing documents about which the parties continue to disagree, characterized as the "Second Category Documents." (*Id*. at 2.) Wells Fargo explains,

> The court should not require Wells Fargo to attach the Second Category Documents to its memorandum. The Second Category Documents consist of three subcategories: (1) documents that are irrelevant, the production of which is unduly burdensome, and/or as to which Wells Fargo has another valid objection; (2) documents relating to Rule 34 requests that Downs withdrew during the discovery phase; and (3) documents relating to *Dollens v. Wells Fargo Bank*, Case No. D-202-CV-2011-05294, Second Judicial District Court, State of New Mexico. Attaching these Second Category Documents to Wells Fargo's memorandum would be exceedingly burdensome–to Wells Fargo *and* to the court. It would also moot Wells Fargo's right to assert its objections on the merits. The court should clarify that Wells Fargo does not need to attach the Second Category Document to its memorandum * * *

(*Id*.; emphasis in the original.)

The Wells Fargo dilemma was unintentionally created by the court. To clarify, the court agrees that at this time, Wells Fargo should only be required to submit the documents and materials comprising the "First Category Documents." Otherwise, Defendants' objections to Plaintiff's discovery would be mooted without hearing Defendant's arguments on the substantive discovery dispute pertaining to the "Second Category Documents."

Accordingly, Wells Fargo's motion to clarify (Doc. # 261) is **GRANTED** consistent with this order.

**Request for Expedited Relief (Doc. # 262)**

Due to the impending deadline for the parties to comply with the court's order on remand, the court has addressed and resolved Wells Fargo's motion to clarify. Therefore, the Defendant's request for expedited relief (Doc. # 262) is **DENIED AS MOOT.**

IT IS SO ORDERED.

DATED: October 9, 2014.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE